**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF COLORADO**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC.,
 a Colorado corporation,

 Plaintiff,

v.

GAMO OUTDOOR USA, INC.,
 a Florida corporation,

 Defendant.

**PROTECTIVE ORDER**

**GOOD CAUSE EXISTS FOR THIS ORDER:** This action involves claims of patent, copyright and trade dress infringement in which the Plaintiff, Predator International, Inc, has asserted claims related to its alleged patent, copyright and trade dress in certain air gun ammunition, and the Defendant, Gamo Outdoor USA, Inc. has counterclaimed and challenged the validity of these claims. In connection with that contention and potentially in connection with other matters at issue, the parties anticipate obtaining discovery from each other and several third-party entities, some or all of which are likely to be competitors of one of the parties. The parties also anticipate that some of the documents and information solicited in the discovery of those third-parties, like some of the documents and information solicited in discovery among the parties themselves, may be particularly sensitive, confidential and proprietary in nature and relating, for example, to sales volumes pertaining to particular products, revenues generated by such sales, the sources of such goods, etc. Such non-public information and documents should be

protected from unnecessary disclosure and require special protection from disclosure pursuant to Rule 26(c), F.R.Civ.P.

THUS, WHEREAS certain information, documents and things that contain trade secrets or other confidential business or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands; and

WHEREAS, it would serve the interests of the parties and participating nonparties to conduct this proceeding and discovery herein under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**ACCORDINGLY, IT IS HEREBY ORDERED** that the following shall control the handling of confidential information in this action:

1. Any party or non-party witness may designate information or documents and things produced, used, or disclosed in this action as "CONFIDENTIAL" OR "CONFIDENTIAL—FOR COUNSEL EYES ONLY" and thereby render them subject to the protections and requirements of this Order. As used herein "Confidential Information" is information concerning the business operations, processes, and technical and development information of a party or nonparty, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to another person or to a Court. Such information includes, but is not limited to, any information, documents and things that contain confidential research, development, financial, technical, sales, or commercial information including, but not limited to, trade secrets. Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it,

or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation. A party and/or nonparty witness may designate information or material CONFIDENTIAL only if it, in concurrence with its counsel, if it has counsel, in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure. A party and/or nonparty witness may designate information or material CONFIDENTIAL/ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, if it has counsel, in good faith deems that such disclosure should be further limited as required by this Protective Order.

2. In the case of information or material voluntarily disclosed in these proceedings or disclosed as a result of discovery, a designation of "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" shall be accomplished by conspicuously marking the document or thing with the words "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" at the time when an affidavit, pleading or memoranda is served, when a discovery response is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

3. Testimony can be made subject to this Order by designating it as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" orally on the record at the time of the testimony or in writing after receipt by the parties of the transcript. When information that could support a designation of "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" is communicated in a deposition, any party shall be permitted to exclude from attendance at the deposition any person not entitled to receive such information. Counsel for the parties may agree on the record that the entire

deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL—FOR COUNSEL EYES ONLY" for a certain period of time (not to exceed 20 days after the testifying party receives a copy of the deposition transcript), during which time the parties may designate, in writing, portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY." There shall be no restrictions on confidentiality of information not designated within the prescribed time period.

4.      A party or nonparty deponent may also designate testimony or exhibits as Confidential Information during a deposition, a hearing or at trial by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to Confidential Information pursuant to Paragraph 6 hereof shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or exhibits are designated as Confidential Information during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – FOR COUNSEL EYES ONLY, as appropriate.

5.      Subject to Paragraphs 2—4, no receiving party shall be under any obligation of confidentiality until a designation is made. The failure to designate information as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" or the failure to object to such a designation shall not preclude a party from later designating, or objecting to designation of, such information as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY." In addition, no receiving party shall be obligated to object to any

designation of confidentiality within any specific time period. No party shall, by failure to object, be deemed to have acquiesced or agreed to such designation or be barred from later objecting to such designation.

6. Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL—FOR COUNSEL EYES ONLY is not, in fact, confidential and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

a. Outside counsel of record and their partners, associates and of counsel attorneys, and outside counsel of record's employees who are not also employees of the parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

b. Independent experts or consultants for any party and their clerical personnel who are not employees of the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action, provided that such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order and provided, further, that each party shall keep a record of all Confidential Information that it discloses to any expert or consultant, and provided, further, that if any such person is, or is employed by, a direct competitor of the designating entity or is affiliated with any enterprise that is in a position to commercially exploit information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY (hereinafter an "Expert Competitor"), then the party seeking to disclose information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY to the Expert Competitor must deliver written notice to the designating entity of its desire to do so at least ten

(10) business days before making disclosure to the Expert Competitor. During this period, the recipient of such notice may object to the disclosure of all or any portion of the information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY to the Expert Competitor. In the event of such objection, the designating entity and the party seeking to disclose information to an Expert Competitor shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY may be disclosed to the particular Expert Competitor and the circumstances under which such disclosure may be made. If they cannot agree, the party seeking to disclose information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY to the Expert Competitor shall not do so without first obtaining Court approval pursuant to Paragraph 13 hereof. In determining whether to categorize a person as an Expert Competitor for purposes of this paragraph, counsel shall exercise reasonable judgment as to whether any enterprise with which such person is known to be affiliated is in a position to commercially exploit information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY;

    c.       The Court and its officers (including Court Reporters);

    d.       Witnesses for deposition and counsel for such witnesses in the course of a deposition or, following the issuance of a notice to take the deposition of a witness, in preparation for such witness's deposition; provided that, the party making such disclosure to a witness in preparation for the witness's deposition shall keep a record of the Confidential Information disclosed to such witness and provided, further, that in advance of the disclosure of information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY, the party seeking to disclose such information shall so inform the entity who designated the information as confidential and such designating entity shall be entitled to object to the disclosure, in which event they shall attempt in good faith to negotiate a stipulation to delineate what information

marked CONFIDENTIAL—FOR COUNSEL EYES ONLY ONLY may be disclosed to the particular witness and the circumstances under which such disclosure may be made. If the parties cannot agree, the party seeking to disclose the information marked CONFIDENTIAL—FOR COUNSEL EYES ONLY at or in preparation of a witness for a deposition shall not do so without first obtaining Court approval;

  e. The parties to this action and their affiliates, including their in-house counsel, except for documents and things marked by the producing party CONFIDENTIAL—FOR COUNSEL EYES ONLY; and

  f. any other person that the parties hereto and, if appropriate, the designating nonparty, agree to in writing.

  7. Any person to whom disclosure will be made pursuant to Paragraphs 6(b), (d) or (f) of this Protective Order shall be given in advance a copy of this Protective Order and shall acknowledge that he or she is subject to the terms of this Protective Order by executing the recital in the form attached here as Exhibit A. Counsel for each party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 6(b), (d) or (f) to whom counsel has disclosed or exhibited any Confidential Information.

  8. Whenever any document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" or any pleading containing "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY" information is filed with the Court, such document, thing, or pleading shall be filed in a sealed container and shall display a bold heading in substantially the following form: "FILED UNDER SEAL—SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE."

9.      Unless otherwise permitted, within sixty (60) days after the final disposition of this action, including all appeals, all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY," all copies of documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY," and all excerpts therefrom in the possession, custody, or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party. Counsel for parties other than the producing party may retain one copy of each document and thing, work product, and transcript embodying documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL EYES ONLY under seal for archival purposes.

10.     This Protective Order shall not foreclose any of the parties or any interested member of the public from moving this Court for an order that materials bearing a label specified in Paragraph 1 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or that Confidential Information designated as CONFIDENTIAL—FOR COUNSEL EYES ONLY should be reclassified as CONFIDENTIAL only or that materials voluntarily disclosed by a party or nonparty in thee proceedings should not be subject to the protections of this Protective Order. In addition to service on the parties, a copy of any such motion shall be served on any nonparty who designated the materials at issue as Confidential Information, and such nonparty shall have standing to oppose such motion before the Court. On such motion, the entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted. Nothing contained herein shall preclude a party or nonparty witness from (a) using or disseminating its own Confidential Information in any way; (b) disclosing information taken

from a document marked CONFIDENTIAL or CONFIDENTIAL—FOR COUNSEL EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public, or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Protective Order with respect to any Confidential Information designated by it without further order of the Court.

11.     This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief here or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

12.     Subject to the limitations of this Protective Order, Confidential Information identified in accordance with Paragraph 1 hereto may be used during discovery, during any motion hearings, at the trial of this action, or in support of or in opposition to any motions in this action subject to the Federal Rules of Evidence and subject to any further order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this action, but may not be used for any other purpose. When Confidential Information or other documents containing such information are presented, quoted or referenced in any hearing, trial or other proceeding, counsel of record for the offering party shall make arrangements or, when appropriate, request that the Court make arrangements, to ensure that, consistent with applicable

legal restraints, only persons entitled to receive Confidential Information are present during such presentation, quotation or reference.

13. In the event that a party shall desire to provide access to Confidential Information hereunder to any person or category of persons not included in Paragraph 6 hereof, it shall move this Court for an order that such person or category of persons may be given access to the Confidential Information. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order.

14. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

15. Notwithstanding anything in this Order to the contrary, the parties acknowledge and agree that either party may retroactively designate any documents, interrogatory responses, or discovery deposition testimony procured or used as part of the pending Plaintiff's Motion For Preliminary Injunction as being subject to the applicable confidentiality obligations of this Order, if done so by December 31, 2009.  Otherwise, the confidentiality obligations of this Order shall not prohibit the use by any party of any information, documents, or things (for which no other obligation of confidentiality exists) that are currently in a party's or individual's possession, custody, or control, that later come into the possession of a party to this action from others lawfully in possession of such information, documents, or things who are not parties to this action or bound by this or a comparable Order or obligation.

16. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed person") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed person shall promptly notify the designating party or nonparty of the demand. If the designating party or nonparty elects to resist production of the materials, it shall promptly so notify the subpoenaed person and the latter shall cooperate in affording the designating party or nonparty the opportunity to oppose or limit production of the materials; provided that the designating party or nonparty shall bear all expenses, including attorneys' fees, incurred by the subpoenaed person in connection therewith.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. However, the producing party must notify the receiving party in writing of such inadvertent production within ten (10) days of the production of such documents to the receiving party. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege following expiration of the ten (10) day period.

18. The parties agree to abide by and be bound by the terms of this Protective Order upon signature by their attorneys.

AGREED AND ENTRY REQUESTED:

| | |
|---|---|
| /s/ Jeffrey P. Thennisch (w/consent) | /s/ P. Stephen Fardy (w/consent) |
| Jeffrey P. Thennisch | P. Stephen Fardy |
| Dobrusin & Thennisch, P.C. | Swanson, Martin & Bell, LLP |
| 29 West Lawrence Street, Suite 210 | 330 North Wabash Avenue, Suite 3300 |
| Pontiac, MI  48342 | Chicago, Illinois 60611 |
| (248) 292-2920 | (312) 321-9100 |
| Attorney for Predator International, Inc. | Attorney for Gamo Outdoor USA, Inc. |

After reviewing the Protective Order submitted by the parties, the Court finds that it is in compliance with the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the District of Colorado.  Accordingly the Protective Order is hereby entered pursuant to Fed.R.Civ. P. 26(c).

Dated this 20th day of October, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge