IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00970–PAB–KMT

PREDATOR INTERNATIONAL, INC.,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion and Brief to File Second Amended Complaint to Add Industrias El Gamo, S.A. as Defendant" ("Mot.") [Doc. No. 62, filed September 16, 2009.] Although the Motion states the Plaintiff spoke with counsel for Gamo Outdoor USA, Inc. ("Gamo USA") on September 14, 2009 and counsel for Gamo USA did not consent to the plaintiff's filing an Amended Complaint, no response was filed to the Motion and the time for filing such a response or objection has passed. D.C.COLO.LCivR 7.1(C).

A Scheduling Order was filed in this matter on August 17, 2009 [Doc. No. 58] specifying the deadline date for Joinder of Parties and Amendment of Pleadings as October 15, 2009. *Id*. at § 8(a). Therefore, the motion and proposed amended complaint were timely filed. Further, the case is in the early stages of litigation.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *Id. See also, York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The plaintiff seeks to add as a defendant Industrias El Gamo, S.A. ("Gamo Spain"). Gamo Spain is characterized by the plaintiff as Gamo USA's parent company. (Mot. at 1.) As attachments to the Motion, plaintiff affixed documents indicating Gamo Spain's association with the underlying issues in this case, [Doc. Nos. 62-2 through 62-5.],including international patent

application PCT/IB2008/054884, international filing date 20 November 2008, as published by the World Intellectual Property Organization. Also, appended was email correspondence from Josep M. Manresa who claimed to represent Industrias El Gamo, S.A. dated December 9, 2008 indicating that Gamo Spain holds a patent application on "our pellet." Mr. Manresa then attempted to distinguish the design of the two pellets and admitted that "our client's application is a proceeding for manufacturing a pellet, and . . . ."

Based on the evidence submitted it appears that plaintiff has a good faith belief that Gamo Spain was and continues to be directly involved in the activities at issue in this case. There is no claim that the inclusion of the new defendant is being added for the purpose of causing undue delay or as result of a dilatory motive on the part of the plaintiff, nor has defendant shown that the request for amendment is made in bad faith or is futile. Nor is there any undue prejudice to Gamo USA or to Gamo Spain by being added at this early stage of the proceedings.

Therefore, it is

**ORDERED**

"Plaintiff's Motion and Brief to File Second Amended Complaint to Add Industrias El

Gamo, S.A. as Defendant" [Doc. No. 62] is **GRANTED**.  The Clerk is directed to file the Second Amended Complaint and Demand for Jury Trial [currently designated Doc. No. 62-6].

Dated this 20th day of October, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge