IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00970–PAB–KMT

PREDATOR INTERNATIONAL, INC.,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation, and
INDUSTRIAS EL GAMO, S.A., a Spanish corporation,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Motion to Amend Second Amended Complaint to Seek Exemplary Damages Against Gamo USA Under Colo. Rev. Stat. 13-21-102" [Doc. No. 84, filed November 6, 2009] ("Motion"). Defendant Gamo Outdoor USA, Inc. ("Gamo") filed its "Response in Opposition to Plaintiff's Motion to Amend Second Amended Complaint to Seek Exemplary Damages" [Doc. No. 88] on November 25, 2009 and Plaintiff Predator International, Inc. ("Predator") filed a Reply on December 9, 2009. [Doc. No. 90.] The issue is ripe for review and ruling.

In the Second Amended Complaint ("SAC") [Doc. No. 73], Predator forwards two common law claims under Colorado law against the Defendants Gamo USA and Industrias El Gamo, S.A. (hereinafter "Gamo Spain") -- unjust enrichment and unfair competition. (SAC,

Claims 5 and 6.) The claims are based on Gamo's alleged trade dress infringement of the red-colored tip of its airgun pellet. *Id.*

On October 22, 2009, the Court issued a decision denying Plaintiff's Motion for Preliminary Injunction on its trade dress claim based primarily on Predator's failure to establish secondary meaning in its red-colored tip. (Order dated October 22, 2009, hereinafter "Order") [Doc. No. 75]. Nonetheless, after examination of evidence submitted by the parties, (Order, pp. 2-7), the District Court affirmatively found that Gamo, in its promotion of the Red Fire airgun pellet, deliberately copied Predator's red-colored tip as well as much of Predator's advertising copy. (Order, p. 19 n.17 and p. 28.) The Court based this finding on the similarities between the parties' products and Gamo USA's obvious copying of the language from Predator's website on Gamo's press release, website, and product packaging. *Id.* at p. 19.

Predator now argues that the Court's findings after reviewing the evidence for the preliminary injunction, provides *prima facie* evidence sufficient to allow it to seek exemplary damages on Claims Five and Six pursuant to Colo. Rev. Stat. §13-21-103.

Additionally, Predator seeks to add one sentence to its Claim Four to, at least partially, address Gamo's pending Motion to Dismiss [Doc. No. 81] by adding an allegation that Gamo's actions with respect to the trade dress claims significantly impacts the public as actual or potential consumers of Gamo's goods, services, or property. *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).

Gamo objects that the addition of claims for exemplary damages is premature since discovery is in the early phases. Further, Gamo argues that the addition of one sentence to Claim

Four does not save the fatally flawed Claim Four and, therefore, allowing the amendment to this Claim is futile.

**ANALYSIS**

*A.     Rule 16*

On August 17, 2009, this court entered a Scheduling Order setting the deadline for joinder of witnesses and amendment of pleadings as October 15, 2009. [Doc. No. 59.]   On October 20, 2009, this court allowed the filing of the SAC adding El Gamo, S.A. as a defendant. [Doc. No. 73.] The instant motion was filed November 6, 2009, approximately three weeks after the deadline for further amendments.  As noted above, Judge Brimmer's Order denying the requested preliminary injunction on plaintiff's trade dress claims and which the plaintiff now claims provides the *prima facie* case for exemplary damages was filed on October 22, 2009.

A Scheduling Order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (2008).  Good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

*Jorgensen v. Montgomery*, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (citing Advis. Comm. Notes for 1983 Amend.)  In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(*Id.*) (citing *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp 959, 980 (D. S.C. 1997).

The primary amendments sought in this case are to add the exemplary damages claims under the Colorado statute.[1] *See* Colo. Rev. Stat. § 13-21-102. Section 102 provides:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes *prima facie* proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Colo. Rev. Stat. §13-21-102(1.5)(a). Based on the express provisions of Section 102, Predator could not have sought to add a claim under Section 102 until at least after initial disclosures were exchanged. According to the Scheduling Order submitted by the parties, initial disclosures were made August 10, 2009. Additionally, the parties presented numerous exhibits and other evidence to the District Court with respect to requests for preliminary injunctions. (Order, [Doc. No. 75]; Order granting preliminary injunction regarding the copyright infringement claims [Doc. No. 76].) Judge Brimmer chronicled the extensive evidence he considered in connection with Predator's motions in his Order denying the preliminary injunction on the trade dress claims. (Order at 1- 7.) While Predator's Motion to Amend is premised on Judge Brimmer's

---

[1] As noted, there also is a request to add a conclusory statement addressing one element of Claim No. Four, the subject of a pending Motion to Dismiss filed by Defendants.

findings regarding the willful copying of Predator's materials, those findings were based on substantial evidence which is now part of the court record.

Relatively quickly after the issuance of Judge Brimmer's Order, the Plaintiff requested leave to amend its SAC with claims for exemplary damages. The court finds that Plaintiff has demonstrated good cause for its request to file a Third Amended Complaint to add exemplary damages claims.

Further, since the request to add exemplary damages claims is supported by good cause, the request to address, partially, one of Defendant's concerns proffered in the Motion to Dismiss filed November 5, 2009 [Doc. No. 81] – one day prior to the filing of the instant motion – is also reasonable under the circumstances. Therefore, the court next proceeds with the Rule 15 analysis.

## II.   *Rule 15*

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the

5

amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### *A. Undue Delay*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found when the "amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

As noted, the Plaintiffs have moved quickly on their request to add the claim for exemplary damages. Although the evidence relied upon by the plaintiff has been known to them for quite some time, discovery in the case is actually in its early stages. The evidence, as inventoried in Judge Brimmer's Order, provides a *prima facie* basis of a triable issue which will likely be submitted to the fact-finder for resolution. Therefore, there has been no undue delay in presenting the claim as part of a Third Amended Complaint.

### B. *Prejudice*

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.

The record provides no basis for a finding of undue prejudice to Defendants by allowing the amendment. The claims of the Plaintiff have always consisted of language supporting an allegation of willful copying of materials created and promoted by Predator for its Polymag pellet. (Compare SAC ¶¶ 18, 19 with ¶ 33.) Further, the exemplary damages claims are only added to Plaintiff's Fifth and Sixth Claims, common law allegations of Unjust Enrichment and and Unfair Competition.

### C. *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although

Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.")

Given the findings of Judge Brimmer in his Order, the exemplary damages claims added to Claims Five and Six are clearly not futile. Defendant argues, however, that the conclusory statement added to Claim Four, "[b]y virtue of the facts herein averred, Gamo's deceptive trade practices have significantly impacted the public as actual or potential consumers of Gamo's goods" is insufficient to save the complaint from Gamo's allegation that Predator has failed to plead facts sufficient to support the allegation of significant public impact. Gamo claims, therefore, that this amendment is futile. Predator argues that the SAC is actually sufficient without amendment to properly plead a claim under the Colorado Consumer Protection Act, however believes it "prudent to add an allegation of 'significant public impact' to Count IV in response to Gamo USA's objections." (Mot. at 8.)

Gamo's Motion to Dismiss is pending before Judge Brimmer, not this court. In light of Rule 15's specific directive that amendments to Complaints should ameliorate prior deficiencies in preceding complaints if possible, the attempt to rectify a potential problem should be lauded, not punished. Whether such an amendment is, in fact, necessary in the first place, and whether the amendment is successful in the endeavor is the issue before the District Court. This court declines the invitation to usurp this decision.

Wherefore, it is

**ORDERED**

"Plaintiff's Motion to Amend Second Amended Complaint to Seek Exemplary Damages Against Gamo USA Under Colo. Rev. Stat. 13-21-102" [Doc. No. 84] is GRANTED. The Clerk is directed to file the Third Amended Complaint currently attached to the Motion Doc. No. 84-4.

Dated this 3d day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge