IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

     Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation, and
INDUSTRIAS EL GAMO, S.A., a Spanish corporation,

     Defendants.

---

## ORDER

---

This matter is before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 165] filed by defendants Gamo Outdoor USA, Inc. and Industrias El Gamo, S.A. ("Gamo"). The motion is fully briefed and ripe for disposition. **I. BACKGROUND**

Predator International, Inc. ("Predator") has manufactured, distributed, and sold "Polymer Ballistic Airgun Pellets" since 2002. From 2007 onward, Predator has sold these airgun pellets under the mark "POLYMAG." POLYMAG pellets have a non-functional, red polymer tip, which Predator has termed the "POLYMAG trade dress." Predator alleges that, due to the continuous and longstanding use of the POLYMAG trade dress, the POLYMAG pellets have become identified with the Predator brand and that the POLYMAG trade dress is protected under the trade dress laws of the United States and elsewhere. Predator has marketed POLYMAG pellets on its website, through various media, in its brochures, and at trade shows. Predator alleges that the

POLYMAG pellet was the only airgun pellet with a red polymer tip before Gamo introduced its Red Fire pellet.

On November 13, 2008, Gamo, a large international air gun manufacturer, issued a press release announcing the introduction of its Red Fire pellet.  Predator alleges that the Red Fire pellet looks nearly identical to the POLYMAG pellet and also has a non-functional red tip.  Predator also alleges that Gamo's press release used largely the same language to promote Red Fire pellets as had been previously used by Predator in advertising POLYMAG pellets on its website; that Gamo used similar language in describing Red Fire pellets on its website; and that Gamo promoted the Red Fire at the annual "Shot Show," an event where Predator was also present to promote its POLYMAG pellets.

Red Fire pellets are sold by some of the same merchants that sell POLYMAG pellets. Predator alleges that there were "numerous instances of actual confusion between the two products" in the brief period after Red Fire became commercially available.  Fourth Am. Complt. [Docket No. 161], at 6, ¶ 37.  It further alleges that consumers have reported Red Fire pellets' "inferior quality . . . compared to the POLYMAG," causing damage to Predator's reputation.  *Id*.  Predator asserts federal claims for trade dress infringement under 15 U.S.C. § 1125(a) and copyright infringement under 17 U.S.C. § 501.  Fourth Am. Complt. [Docket No. 161], at 7-9, ¶¶ 39-54.  Predator also asserts state law claims for violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*., unjust enrichment, and unfair competition.  Fourth Am. Complt. [Docket No. 161], at 9-11, ¶¶ 55-70.  In its motion, Gamo seeks dismissal of Predator's state law claims.

2

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the

3

material elements necessary to sustain a recovery under some viable legal theory."

*Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III.  DISCUSSION

### A.  Gamo's Motion to Dismiss Predator's Colorado Consumer Protection Act Claim

Predator alleges that Gamo has engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq*. Docket No. 161 at 9.  A CCPA cause of action consists of the following elements: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury."  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).

Gamo argues that Predator's CCPA claim is merely a recitation of the required elements of a CCPA claim supported by conclusory statements and, as a result, fails to state a viable claim. *See Iqbal*, 129 S. Ct. at 1950.  Predator's complaint, however, contains a number of specific facts in support of the elements of a CCPA complaint: it states that Gamo has copied Predator's trade dress and advertising language,  Docket No. 161, ¶¶ 40, 49; it identifies where and when Gamo sold its Red Fire pellets, *id*. at ¶ 35; it alleges that Gamo's sale and copying have caused numerous instances of consumer confusion – a public impact – and that this confusion has harmed the

4

plaintiff's reputation, *id*. at ¶ 37;[1] and it asserts that the POLYMAG pellet has achieved trade dress status and is therefore a legally protected interest.  *Id*. at ¶ 31.  Thus, the plaintiff's complaint is not an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949.

Gamo also contends that Predator's CCPA claim fails to allege facts showing a public impact that is "significant."  Docket No. 165 at 6-8.  Relevant considerations in assessing public impact include "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future."  *Rhino Linings USA*, 62 P.3d at 149.  Public impact can be shown by reference to misrepresentations that are "directed to the market generally, taking the form of widespread advertisement and deception of actual and prospective purchasers."  *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).  On the other hand, if the wrong is purely private in nature, the CCPA does not provide a remedy.  *Crowe v. Tull*, 126 P.3d 196, 208 (Colo. 2006).

In alleging public impact, Predator cites "numerous instances of actual confusion" between POLYMAG and Red Fire pellets.  Docket No. 161 at 6, ¶ 37.  Although Gamo argues that this allegation lacks specificity, if the alleged unfair practice

---

[1]Predator does not specifically identify who is confused, merely asserting "numerous instances of actual confusion."  Docket No. 161, ¶ 37.  However, the next sentence says "[c]onsumers are also reporting the inferior quality of Gamo's RED FIRE compared to the POLYMAG, which leads to further damage of Predator's goodwill and reputation," *id.*, which implies that consumers are the ones being confused.

was widely advertised, a plaintiff may sufficiently allege a significant public impact without stating the precise number of consumers affected.  *See HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, No. 10-cv-01633-WYD-BNB, 2011 WL 1135015, at *5 (D. Colo. Mar. 28, 2011) ("[W]hile the complaint does not state the precise number of consumers affected, the allegations are based on a service that was advertised nationwide, including in the state of Colorado.").  Here, Predator's claims of consumer confusion, when combined with allegations that Gamo has marketed Red Fire on its website and in press releases, support an inference that a significant number of people were affected by Gamo's activities.  *Id*.  These allegations alone are sufficient to find that Predator has plausibly alleged a significant public impact.  *See Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1242-43 (D. Colo. 2010) (stating that significant public impact was plausible where the plaintiff's only factual allegation was that the defendant distributed false pricing information regarding a real estate investment).

Gamo cites cases in which the number of consumers victimized by the deceptive trade practice was too few to warrant a finding of significant public impact.  *See Rhino Linings USA*, 62 P.3d at 149, 150; *see also Coors v. Security Life of Denver Ins. Co.*, 91 P.3d 393, 399 (Colo. App. 2003), overruled on other grounds by *Coors v. Security Life of Denver Ins. Co.*,112 P.3d 59 (Colo. 2005).  However, *Rhino Linings* involved a private dispute between sophisticated parties in which the proper remedy was an action for breach of contract.  62 P.3d at 150.  *Coors* held that the *proportion* (less than one percent) of total policyholders affected was insufficient to constitute a public impact, rather than that a specific number of consumers was required.   91 P.3d at 399.  The

decision also noted that the challenged conduct – a clerical error sent to a group of insurance policyholders – was private in nature, and that "Coors was a sophisticated businessman and was accompanied by counsel during the sales process." *Id*.  In contrast to these private disputes, Gamo, by directing its advertising at the market generally, has implicated not only Predator, but the public as well.  *See HealthONE*, 2011 WL 1135015, at *5.

### B.  Gamo's Motion to Dismiss Predator's Unjust Enrichment Claim

Predator also brings a state law claim for unjust enrichment.  Pursuant to Colorado law, recovery under an unjust enrichment theory requires a showing that: "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo. 2008).  Gamo argues that, to the extent Predator's claim is based on Gamo's alleged copyright infringement, it is preempted by federal copyright law.  Section 301 of the Copyright Act preempts a state cause of action if "(1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993).  However, "if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Id*.

7

Gamo contends that, because Predator's unjust enrichment claim incorporates the averments of its copyright claims, it is preempted.  In support of this argument, Gamo cites cases in which unjust enrichment claims did not satisfy the "extra element" test.  *See Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985) (unjust enrichment claim pre-empted when its basis was the reproduction and distribution of literary materials); *see also Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). However, these cases addressed unjust enrichment claims based solely on copyright infringement.  Here, Predator's claim focuses on Gamo's alleged trade dress infringement, not copyright infringement.  *See* Docket No. 161 at 10, ¶¶ 61, 63. Furthermore, Predator disavows its unjust enrichment claim being based on copyright infringement.  Consequently, the claim falls outside the scope of the subject matter of copyright and is not preempted by the Copyright Act.

Gamo also argues that Predator's unjust enrichment claim "does not include enough detail to put [them] on notice . . . [as to] the grounds upon which it rests." Docket No. 171 at 7.  A complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  The Court, however, finds that Predator's complaint provides sufficient factual support.  First, Predator alleges that Gamo has sold and continues to sell the Red Fire pellet.  *See* Docket No. 161 at 6, ¶¶ 35, 38.  It can be inferred that Gamo receives a benefit from these sales.  Second, Predator alleges that there have been numerous instances of confusion between the two products and that this confusion has harmed Predator's reputation.  *See id.* at 6, ¶ 37.  Therefore, it is plausible that at least some of

the sales of Red Fire pellets are at Predator's expense.  Third, Predator alleges that the

Red Fire pellet is a copy of its own POLYMAG pellet and is an infringement of its trade

dress.  *See id.* at 5, ¶ 32 & 7, ¶¶ 39-47.  It can be inferred from this allegation that

allowing Gamo to retain any benefit derived from such actions would be unjust.  *See*

*Western Diversified Services, Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269, 1272

(10th Cir. 2005) ("unjust enrichment theory is based on the idea that trademarks are

protected property rights.  The misappropriation of that right, thus, results in an unjust

enrichment.") (internal citations and quotations omitted).  Collectively, these facts are

sufficient to state a plausible unjust enrichment claim against Gamo.

### C.  Gamo's Motion to Dismiss Predator's Unfair Competition Claim

Predator brings a state law claim for unfair competition.  The Supreme Court has

held that states "may protect businesses in the use of their trademarks, labels, or

distinctive dress in the packaging of goods so as to prevent others, by imitating such

markings, from misleading purchasers as to the source of the goods."  *Sears, Roebuck*

*& Co. v. Stiffel Co.*, 376 U.S. 225, 232 (1964).  State and federal courts applying

Colorado law have held that "the tort of unfair competition requires, first, that the

defendant has copied the plaintiff's products or services or misappropriated plaintiff's

name or operations in some regard, and second, that this conduct is likely to deceive or

confuse the public because of the difficulties in distinguishing between the plaintiff's

and defendant's products and services."  *NetQuote, Inc. v. Byrd*, 504 F. Supp. 2d 1126,

1131 (D. Colo. 2007).  Generally, unfair competition has been limited to protection

against "'copying of nonfunctional aspects of consumer products which have acquired

secondary meaning such that they operate as a designation of source.'" *HealthONE*, 2011 WL 1135015, at *6 (quoting *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 158 (1989)).  Unfair competition is not limited to cases "in which one competitor engaged in 'palming off,' i.e., misrepresenting work of another as his own," but instead includes "unfair misappropriation and the exploitation of a competitor's business values." *Am. Television & Commc'ns Corp. v. Manning*, 651 P.2d 440, 445 (Colo. App. 1982).

Gamo argues that Predator's unfair competition claim is preempted by federal copyright law.  Generally speaking, "state law claims that rely on the misappropriation branch of unfair competition are preempted" by copyright law.  *Warner Bros. Inc. v. American Broadcasting Companies, Inc.*, 720 F.2d 231, 247 (2d Cir. 1983).  However, "to the extent that plaintiffs are relying on state unfair competition law to allege a tort of 'passing off,' they are not asserting rights equivalent to those protected by copyright and therefore do not encounter preemption."  *Id.*  Here, Predator contends that it has alleged sufficient facts to support a claim for "passing off" against Gamo.  The Court disagrees.  If Predator claimed that Gamo is selling Gamo's products and representing to the public that they are Predator's, that is passing off.  *See R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1148 (10th Cir. 2009) (quoting 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*, § 1.01[B][1][e], at 1-36 (Matthew Bender, rev. ed. 2009).[2]  However, when Gamo is selling Gamo's products and representing to the

---

[2] "If A claims that B is selling B's products and representing to the public that they are A's, that is passing off.  If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off.  A claim that the latter activity is actionable because B's product replicates A's, even if denominated

public that they are Gamo's, that is not passing off. *See id.* Predator's "'claim that the latter activity is actionable because [Gamo's] product replicates [Predator's], even if denominated 'passing off,' is in fact a disguised copyright infringement claim, and hence pre-empted.'" *Id.*

Predator also bases its unfair competition claim on trade dress infringement. Docket No. 161 at 11, ¶ 69. Unlike federal copyright law, "the Lanham Act has not been interpreted as a statute with broad preemptive reach." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007). "'[T]he Lanham Act does not in general preclude state unfair competition statutes from operating.'" *Keep a Breast Foundation v. Seven Group*, 2011 WL 3240756, at *3 (S.D. Cal. July 28, 2011) (quoting *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 41 (1st Cir. 2006), and citing *Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 373 (5th Cir.1980), *abrogated on other grounds by Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)). Gamo concedes as much by only seeking dismissal of Predator's unfair competition claims "to the extent . . . [it] arises out of . . . improper use of language found in the Predator's Copyrighted Work." Docket No. 165 at 13. Therefore, to the extent that Predator's unfair competition claim is based on Gamo's trade dress infringement, it survives preemption.[3]

---

"passing off," is in fact a disguised copyright infringement claim, and hence pre-empted." *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1148 (10th Cir. 2009) (quoting 1 *Nimmer on Copyright*, § 1.01[B][1][e], at 1-36).

[3]Gamo argues that, in support of dismissal of the unfair competition claim, Predator has not sufficiently alleged facts demonstrating "public confusion." *See* Docket No. 165 at 13. Predator has alleged not only that Gamo copied its product, but also the nature of that copying. These allegations, combined with the fact Predator and Gamo compete in similar markets, support Predator's allegations of public confusion. *See HealthONE*, 2011 WL 1135015 at *2 (finding an adequate allegation of unfair

## IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED that defendants' joint motion to dismiss Predator's third, fourth, and fifth claims pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 165] is GRANTED in part and DENIED in part.  To the extent Predator's unfair competition claim is based upon the improper use of copyrighted material, it is DISMISSED. Defendants' motion to dismiss is otherwise DENIED.

DATED August 26, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

competition where the parties operated "in the same markets, through the same channels of trade and to the same relevant consumers."); *see also Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 941 (10th Cir. 1983) (internal quotations and citations omitted) ("Converging marketing channels increase the likelihood of confusion.").