IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00970–PAB–KMT

PREDATOR INTERNATIONAL, INC.,
a Colorado Corporation,

       Plaintiff/Counter-Defendant,

v.

GAMO OUTDOOR USA, INC., a Florida corporation, and
INDUSTRIAS EL GAMO, S.A., a Spanish corporation,

       Defendants/Counter-Plaintiff.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

       This matter is before the court on "Plaintiff's Motion to File a Supplemental Complaint and for Other Relief" (Doc. No. 227, filed July 11, 2011 [Mot.].) Defendants Gamo Outdoor USA, Inc. (hereinafter "Gamo USA") and Industrias El Gamo, S.A. (hereinafter "Gamo Spain"; collectively, with Gamo USA, the "Gamo Defendants") filed a response in opposition on August 2, 2011. (Doc. No. 236 [Resp.].) Plaintiff (hereinafter "Predator") filed a reply in support of its Motion on August 15, 2011. (Doc. No. 237 [Reply].) Accordingly, this matter is ripe for review and the court's recommendation.

       At the outset, the court notes that this dispute has followed a complex procedural path. For example, Predator has thus far amended its operative complaint four separate times and this

dispute now involves both state and federal court proceedings. The relief sought in Predator's

Motion threatens to only further complicate matters as Predator seeks (1) to serve a supplemental

complaint pursuant to Fed. R. Civ. P. 15(d), in which it seeks to assert a claim to enjoin portions

of the parallel state court proceedings; (2) leave to amend its "Fourth Amended Complaint and

Demand for Jury Trial" (Doc. No. 161, filed Sept. 9th, 2010 [Fourth Am. Compl.]) pursuant to

Fed. R. Civ. P. 15(a) to add claims that it voluntarily dismissed nearly a year ago; and (3) to

separate the claims asserted in its proposed "Supplemental Complaint and Jury Demand" (Doc.

No. 227-1 [Supp. Compl.]) from the claims asserted in its Fourth Amended Complaint for trial

pursuant to Fed. R. Civ. P. 42, except that Predator seeks a stay of the resolution of its proposed

patent infringement claim until after its proposed supplemental claims are resolved. For the

reasons outlined below, the court finds it proper to deny Predator this relief.

## STATEMENT OF THE CASE

The following facts are taken from the court's Order granting Plaintiff's Motion to

Amend its Third Amended Complaint (Doc. No. 160, entered Sept. 9, 2010 [the "Sept. 9, 2010

Order"]), as well as the parties briefing with respect to this Recommendation.

This suit arises out of an intellectual property dispute over a "novel lead airgun pellet

with a hard polymer tip" invented by Thomas May and Lee Phillips. (Sept. 9, 2010 Order at 1.)[1]

Mr. May and Mr. Phillips formed Predator International, Inc. in 2000 for the research and

development of pellets. (*Id.* at 1-2.) Mr. May was President and Mr. Phillips was Vice-

_____

[1] For sake of clarity, the court has omitted all internal citations found in the September 9, 2010 Order.

President.  (*Id.*)  In 2001, Mr. May and Mr. Phillips filed U.S. Patent Application No. 09/770,816

for Polymer Ballistic Tip Pellets, which matured into U.S. Patent No. 6,526,893 (the '893 Patent)

on March 4, 2003.  (*Id.*)  In 2002, Mr. Phillips stepped down from his duties at Predator and

assigned his interest in the company to Mr. May.  (*Id.*)

The current owners of Predator purchased the company from Mr. May in 2007, believing

that Predator owned all rights, title, and interest to the '893 Patent.  (*Id.*)  In 2008, Predator

discovered that it did not have an assignment of the '893 Patent from Mr. May.  (*Id.*)  Mr. May

executed such an assignment on December 2, 2008.  (*Id.*)  In February 2009, Predator discovered

that the document on which Mr. May relied may not have assigned Mr. Phillips' interest in the

'893 Patent to Mr. May.  (*Id.*)  Predator has asked Mr. Phillips to execute an assignment to

clarify Predator's ownership of the '893 Patent, but Mr. Phillips has declined.  (*Id.*)  On April 7,

2010, Predator filed a complaint against Mr. Phillips in Colorado state court to clarify ownership

interests in the '893 Patent.  (*Id.*)

Because Predator discovered that it could not prove that it had standing to pursue such a

claim, on May 14, 2010, Plaintiff sought leave to amend its Third Amended Complaint, pursuant

to Fed. R. Civ. P. 15(a), in order to voluntarily dismiss its patent infringement claims against the

Gamo Defendants.  (Doc. No. 142 at 2, filed May 14, 2010 [Mot. Am. Compl.].)  While the

Gamo Defendants did not object to Predator dismissing its patent infringement claims, they did

seek an award of their costs and fees in defending against the patent infringement claims or,

alternatively, that the patent infringement claims be dismissed with prejudice as a condition of

Predator's voluntary dismissal.  (Doc. No. 149 at 6-8, filed June 23, 2010 [Resp. to Mot. Am.

Compl.].)  To this effect, the Gamo Defendants generally maintained that the purpose of a costs and fees award would be to compensate them for the expense of defending against Predator's patent infringement claims without the benefit of a final determination of the controversy.  (*Id.* at 9.)

Ultimately, in the September 9, 2010 Order, the court granted Predator's Motion to Amend to dismiss its patent infringement claims and denied the Gamo Defendants' request for costs and fees.  In denying the Gamo Defendants' request for costs and fees, the court found that "the burden on Defendants' time and resources does not constitute sufficient prejudice to . . . support an award of costs and fees."  (Sept. 9, 2010 Order at 15.)  Specifically, the court found (1) that the portion of discovery that was actually conducted and related to Predator's patent infringement claims was minimal; (2) that, in any event, the work and discovery actually conducted would be useful and applicable to the Gamo Defendants' noninfringement and patent invalidity counterclaims—which the Gamo Defendants' continued to pursue—or a future patent infringement claim by Predator; and (3) that the Gamo Defendants could have avoided some of the patent-related discovery expenses.  (*Id.* at 14-16.)

Meanwhile, in June 2010, the Gamo Defendants purchased by assignment all of Mr. Phillips' rights, title, and interest in the '893 patent.  (Mot. at 15; Resp. at 5.)  Consequently, Gamo USA intervened as a necessary party in the state court case.  (Resp. at 5.)  Gamo USA answered Predator's amended complaint and asserted six counterclaims against Predator.  (*Id.*)  Gamo USA's fifth and sixth counterclaims in state court sought to recover damages for fraudulent misrepresentation and fraudulent concealment, respectively.  (*Id.* Ex. 6 at 4.)

Specifically, Gamo USA's fifth counterclaim alleged that Predator fraudulently misrepresented to GAMO USA that it was the sole owner of the '893 Patent and that it had standing to pursue a claim for patent infringement. (*Id.*) In Gamo USA's sixth counterclaim, Gamo USA alleged that Predator fraudulently concealed the fact that it did not have standing to pursue a claim for patent infringement, which was an existing fact that should have been disclosed. (*Id.*) The only damages expressly referred to in Gamo USA's fifth and sixth state court counterclaims (hereinafter Gamo USA's "fraud counterclaims") were the legal fees and/or costs of defending against Predator's patent infringement claims in this court. (*Id.*)

In the state court case, Predator filed a motion to dismiss Gamo USA's counterclaims. (*See* Supp. Compl. Ex. 2.) With respect to Gamo USA's fraud counterclaims, Predator argued that these counterclaims were barred by *res judicata*, comity and litigation privilege. (*Id.* at 2-3.) In particular, Predator argued that this court's September 9, 2010 Order already determined that Gamo USA was not entitled to recover fees and cost for defending against Predator's patent infringement claim. (*Id..*) Consequently, Predator argued that principles of *res judicata* and comity prohibited the state court from hearing Gamo USA's fraud counterclaims because they sought damages in the form of costs and fees for defending against Predator's patent infringement claim. (*Id.*)

The state court rejected Predator's arguments, and denied Predator's motion to dismiss to the extent that it sought to dismiss Gamo USA's fraud counterclaims. (Resp. Ex. 6 at 4-6.) Specifically, the state court found that neither *res judicata*, also known as claim preclusion, or collateral estoppel, also known as issue preclusion, barred Gamo's counterclaims (1) because

there was not an identity of claims for relief between Gamo's fraud counterclaims and the findings and conclusions made in this court's September 9, 2010 Order; and (2) because the September 9, 2010 Order was a procedural ruling relatively early in this case that did not provide Gamo USA with a full and fair opportunity to litigate the claim or issue. (*Id.*)

In its Motion, Predator seeks leave to file its proposed Supplemental Complaint, pursuant to Fed. R. Civ. P. 15(d). In its proposed Supplemental Complaint, Predator alleges (1) a claim under the Anti-Injunction Act, 28 U.S.C. § 2283, in which it seeks to enjoin GAMO from pursuing its fraud counterclaims in state court; (2) a claim for declaratory judgment that Predator owns the patent in its entirety, free and clear of the claims of the Gamo Defendants; and (3) a claim for abuse of process based on Gamo USA's counterclaims against Predator, as well as its actions in support of Lee Phillips' counterclaims against Predator. Predator also seeks to amend its Fourth Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to allege a patent infringement claim.[2] (Mot. at 14.) Finally, Predator's Motion also seeks to separate the trial on the claims in Predator's Fourth Amended Complaint from the trial on the claims in its Supplemental Complaint, pursuant to Fed. R. Civ. P. 42(a)–(b), "except Predator requests that the trial on Predator's patent infringement claim be stayed pending trial of the other claims in the Supplemental Complaint." (*Id.*)

---

[2] Although Predator has acknowledged that Fed. R. Civ. P. 15(a)(2) is the proper vehicle for adding its proposed patent infringement claim, it has included this claim in its proposed Supplemental Complaint (Supp. Compl. ¶¶ 49-53).

## LEGAL STANDARDS

### *1.     Fed. R. Civ. P. 16 – Good Cause to Amend the Scheduling Order*

Because Predator filed its Motion well after the deadline for amending the pleadings set

in the Scheduling Order, and Predator seeks leave to amend the pleadings under Rule 15(a)(2),

the court employs a two-step analysis to determine whether leave to amend the pleading should

be granted.  *Colo. Visionary Academy v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000)

(quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959 (D.S.C. 1997).  First, once

a scheduling order's deadline for amending the pleadings has passed, a movant must first

demonstrate that it has a "good cause" for seeking modification of the scheduling deadline under

Fed. R. Civ. P. 16(b)(4).  *Id.*  This court has said that

> Rule 16(b)[4]'s "good cause" standard is much different than the more lenient
> standard contained in Rule 15(a).  Rule 16(b)[4] does not focus on the bad faith of
> the movant, or the prejudice to the opposing party.  Rather, it focuses on the
> diligence of the party seeking leave to modify the scheduling order to permit the
> proposed amendment.  Properly construed, "good cause" means that the
> scheduling deadlines cannot be met despite a party's diligent efforts. In other
> words, this court may "modify the schedule on a showing of good cause if [the
> deadline] cannot be met despite the diligence of the party seeking the extension."
> Carelessness is not compatible with a finding of diligence and offers no reason for
> a grant of relief.

*Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations and

quotation marks omitted).  If the moving party fails to show good cause under Rule 16(b)(4),

"there is no need for the Court to move on to the second step of the analysis, *i.e.* whether

Plaintiff has satisfied the requirements of Rule 15(a)[(2)].” *Lord v. Hall,* 10-cv-02695-WDM-

KLM, 2011 WL 3799053, at *2 (D. Colo. July 21, 2011) (unpublished).[3]

## 2. *Fed. R. Civ. P. 15(a) – Leave to Amend the Pleadings*

If Predator has shown good cause for modifying the scheduling order, it must also satisfy

the requirements of Rule 15(a)(2). Under Rule 15(a), a court should allow a party to amend its

pleadings “when justice so requires.” Fed. R. Civ. P. 15(a)(2). The grant or denial of an

opportunity to amend is within the discretion of the court, but “outright refusal to grant the leave

without any justifying reason appearing for the denial is not an exercise of discretion; it is merely

abuse of that discretion and inconsistent with the spirit of the Federal Rules.” *Foman v. Davis*,

371 U.S. 178, 182 (1962). “Refusing leave to amend is generally only justified upon a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to

cure deficiencies by amendments previously allowed, or futility of amendment.” *Frank v. U.S.

West*, *Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993).

## 3. *Fed. R. Civ. P. 15(d) – Supplemental Pleadings*

Rule 15(d) provides that “[o]n motion and reasonable notice, the court may, on just

terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or

---

[3]It is the practice in this district to utilize the two-step analysis even though the Tenth “[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show ‘good cause’ under Rule 16(b)[ (4) ] in addition to the Rule 15(a) requirement.” *Strope v. Collins*, 315 F. App’x 57, 62 n. 4 (10th Cir. 2009) (unpublished) (citation and internal quotation omitted).

event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A Rule 15(d) motion is "addressed to the sound discretion of the court, and leave to serve a supplemental pleading 'should be liberally granted unless good reason exists for denying leave.'" *Southwest Nurseries, LLC v. Florists Mutual Insurance, Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (quoting *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001)). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)[2]." *Id.* (citing *First Savings Bank v. U.S. Bancorp,* 184 F.R.D. 363, 368 (D. Kan. 1998)).[4]

## ANALYSIS

### I.  FED. R. CIV. P. 15(d) – PREDATOR'S PROPOSED SUPPLEMENTAL CLAIMS

The parties do not dispute that Predator's three proposed supplemental claims are all premised on "transaction[s], occurence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, the parties agree that Rule 15(d) is the proper mechanism for adding Predator's proposed supplemental claims. Therefore, the court proceeds to the Gamo Defendants' more particular arguments that the court should not permit Predator to assert its proposed supplemental claims.

---

[4] The issue of whether a motion to serve a supplemental pleading filed after the scheduling order's deadline for amending the pleadings is subject to Rule 16(b)(4)'s "good cause" standard is addressed *infra.*

**A.      First Supplemental Claim under the Anti-Injunction Act, 28 U.S.C. § 2283**

Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, Predator's proposed first supplemental claim seeks an order enjoining Gamo USA from pursuing its fraud counterclaims in state court.  (Supp. Compl ¶¶ 30–44.)  The Gamo Defendants argue that the court should not permit Predator to assert its proposed first supplemental claim because it would be futile.  More specifically, the Gamo Defendants argue that "the Anti-Injunction Act must be used only in narrowly-construed, exceptional circumstances."  (Resp. at 13.)  Thereafter, they argue that because the issues addressed in this court's September 9, 2010 Order are not identical to the issues raised by Gamo USA's fraud counterclaims in state court, and because the court's September 9, 2010 Order was not a final adjudication on the merits of any claim, enjoining Gamo USA's pursuit of these claims in state court pursuant to the Anti-Injunction Act would be inappropriate. (*Id* at 14-16.)

As noted above, the court should employ Rule 15(a)'s standard to determine whether to exercise its discretion under Rule 15(d).  *Southwest Nurseries, LLC,* 266 F. Supp. 2d at 1256.  "Although Fed. R. Civ. P. 15(a)[2] provides that leave to amend shall be given freely, the district court may deny leave to amend where the amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal" under Fed. R. Civ. P. 12(b)(6).  *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir. 1999) (internal citations omitted); *see also Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992).

The Anti-Injunction Act, codified at 28 U.S.C. § 2283, "was enacted to preserve the independence of state judicial systems."  *Brooks v. Barbour Energy Corp.,* 804 F.2d 1144, 1146

(10th Cir. 1986) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 n. 5 (10th Cir. 1983)).  Consequently, the Anti-Injunction Act, provides that a federal court "may not grant an injunction to stay proceedings in a State court," except in three circumstances: "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Predator has grounded its proposed first supplemental claim in the third of these circumstances, commonly known as the "relitigation exception."  (Mot. at 4.)

The Anti-Injunction Act's relitigation exception permits a federal court "to enjoin proceedings in state court where the party asserting a claim or issue in the state court is barred from doing so by *res judicata* or collateral estoppel."  *Ute Indian Tribe v. Utah,* 114 F.3d 1513, 1522 (10th Cir. 1997) (citing *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 150-51 (1988)).  However, the relitigation exception is not coextensive with principles of *res judicata. Weyerhaeuser Co. v. Wyatt,* 505 F.3d 1104, 1110 (10th Cir. 2007).  Rather, whereas *res judicata* bars claims that were or could have been decided by the previous court, *Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1202 (10th Cir. 2000), the relitigation exception "authorizes injunctions against state adjudication of [only those] issues that 'actually have been decided by the federal court,'" *Weyerhaeuser Co. v. Wyatt,* 505 F.3d 1104, 1110 (10th Cir. 2007) (quoting *Chick Kam Choo,* 486 U.S. at 148).

Notably, the relitigation exception is "permissive" and "non-mandatory"; just because a court "can issue an injunction does not mean *a fortiori* that it is required to do so."  *Bailey v. State Farm Fire & Cas. Co.,* 414 F.3d 1187, 1189, 1191 (10th Cir. 2005) (citing *Brooks,* 804

F.2d at 1146) (noting that the Anti-Injunction Act *allows* courts to issue injunctions in certain circumstances). Instead, "in determining whether an injunction should issue, a court should resolve doubts against issuing the injunction, and narrowly construe the Act's three exceptions." *Brooks,* 804 F.2d at 1146 (internal citations omitted).

Predator's proposed first supplemental claim alleges that Gamo USA's fraud counterclaims are barred by both the doctrines of claim preclusion and issue preclusion, and that the state court's "validation" of these claims by denying Predator's motion to dismiss "interferes with the jurisdiction of this court." (Supp. Compl. ¶ 41.) As such, Predator maintains that this court has jurisdiction to enjoin Gamo USA from pursuing these claims in state court, and should do so to "protect[] the jurisdiction of the court." (*Id.* ¶ 42.)

"The doctrines of *res judicata,* or claim preclusion, and collateral estoppel, or issue preclusion, are closely related."[5] *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 978 (10th Cir. 1995) (quoting *Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507 , 1520 (10th Cir. 1990)). "Claim preclusion bars a party from relitigating a claim or cause of action on which a final judgment has been entered," whereas "issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. L.L.C. v. USDA,* 378 F.3d 1132, 1136 (10th Cir. 2004). When, as here, the question before the court is the preclusive effect of a prior

---

[5] The court employs the terms "claim preclusion" and "issue preclusion" instead of "*res judicata*" and "collateral estoppel," respectively, for the reasons outlined in *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 76 n.1 (1984).

determination by a federal court, federal law applies. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir. 1999) (claim preclusion); *Siemens Med. Systems, Inc. v. Nuclear Cardiology Sys., Inc.,* 945 F. Supp. 1421, 1426 (D. Colo. 1996) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture,* 935 F.2d 1329, 1332 (10th Cir. 1988)) (issue preclusion).

Under federal law, "claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp,* 186 F.3d at 1226 (citing *King v. Union Oil Co,* 117 F.3d 443, 444-45 (10th Cir. 1997). Issue preclusion in the Tenth Circuit requires that:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir. 2000) (citation omitted).

Under both the claim and issue preclusion tests outlined above, the court finds that the September 9, 2010 Order should not be given preclusive effect over Gamo USA's fraud counterclaims. First, the court finds that there is no identity of the cause of action between the "claims" addressed in this court's September 9, 2010 Order and Gamo USA's fraud counterclaims. Indeed, simply put, no cause of action *whatsoever* was addressed in the September 9, 2010 Order. Rather, in that order, the court was merely addressing Gamo's argument that some condition—either an assessment of costs and fees or dismissal with prejudice—should be imposed if Predator was permitted to amend its Fourth Amended Complaint to dismiss its patent infringement claims. (*See* Sept. 9, 2010 Order at 13-17.) Thus,

13

because no cause of action was addressed in the September 9, 2010 Order, Predator cannot establish the third element required for claim preclusion.

Issue preclusion, however, does not require the more formal parity of the cause of action in each suit. Rather, all that is required is that an *issue* previously decided be identical to the issue presented in the action in question. *See Park Lake Res., L.L.C.,* 378 F.3d at 1136. Nevertheless, the court finds that Predator cannot meet this test either.

In the September 9, 2010 Order, the issue addressed by the court was whether costs and fees were warranted because the Gamo Defendants' were prejudiced by having to at least partially defend against a claim without the benefit of a final adjudication of that claim. However, Gamo USA's fraud counterclaims maintain much more than that they were prejudiced by defending against Predator's ultimately-dropped patent infringement claim; indeed, they allege that Predator actually engaged in fraud by misrepresenting and concealing the fact that it did not have standing to pursue such a claim. The Gamo Defendants never argued to this court, nor did this court ever address, the possibility that Predator engaged in fraud in pursuing its patent infringement claims. Thus, the court finds that Predator cannot establish that the issue addressed in this suit was identical to the issue raised in the state court suit.

Additionally, the court finds that Predator cannot establish either the first element of claim preclusion or the second element of issue preclusion. "Under Tenth Circuit law, claim preclusion applies when [certain] elements exist [including] a *final judgment on the merits* in an earlier action." *Garcia v. Tyson Foods, Inc.,* 534 F.3d 1320, 1329-30 (10th Cir. 2008) (quoting *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005)) (emphasis added) (alterations in

14

original). Similarly, issue preclusion requires a "determination of [] issues by a *valid final judgement* to which such determination was essential." *Sil-Flo, Inc.*, 917 F.2d at 1520 (emphasis added). Simply put, this case is still pending; there is no final judgment that would merit affording the September 9, 2010 Order preclusive effect over Gamo USA's fraud counterclaims.

Altogether then, the court finds that Predator cannot demonstrate that Gamo USA's fraud counterclaims are precluded under either claim or issue preclusion. Thus, the court finds that exercising its discretion under the Anti-Injunction Act, 28 U.S.C. § 2283, to enjoin the state court proceedings would be improper in this case. Therefore, the court finds that Predator's proposed first supplemental claim is futile, and that, as a consequence, Predator's Motion is properly denied with respect to this claim.

### B. Second Supplemental Claim for Declaratory Relief

Predator's proposed second supplemental claim alleges that "Predator owns the patent free and clear of the claims of GAMO and is entitled to a declaratory judgment to such effect." (Supp. Compl. ¶ 45.) Among other things, the Gamo Defendants maintain that this claim should be rejected as untimely. (Resp. at 13.)

It is well settled that "untimeliness alone is a sufficient reason to deny leave to amend." *Frank,* 3 F.3d at 1366. Thus, courts have denied leave to amend where leave is sought well after the scheduling order's deadline for amending the pleadings. *See id.* (holding that it was not an abuse of discretion to deny a motion to amend filed four months after the deadline for amending pleadings where the plaintiff knew or should have known of the proposed amendments long before that date).

15

Nevertheless, it does not appear that either the Tenth Circuit or this court has addressed the issue of whether a party seeking to file a supplemental complaint under Rule 15(d) must meet Rule 16(b)(4)'s good cause standard to modify the scheduling order when its motion to file a supplemental complaint is filed after the deadline for amending the pleadings. District courts that have addressed this question are split. *Compare Ohio Valley Envtl. Coal. v. U.S. Army Corps. of Eng'rs,* 243 F.R.D. 253, 256 (S.D.W. Va. 2007) (concluding that Rule 16 does not apply to motions to file supplemental complaint) *and Fremont Inv. & Loan v. Beckley Singleton, Chtd.,* No. 2:03-cv-1406-PMP-RJJ, 2007 WL 12136677, at *7 (D. Nev. Apr. 24, 2007 (same), with McGrotha v. Fed Ex Ground Packsage Sys., Inc.,* 5:05-CV391, 2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007) ("When a motion to supplement is filed after the scheduling order's deadline . . . a party must first demonstrate good cause under Rule 16(b) before a court can consider whether supplementation is proper under Rule 15(d)").

The court finds the better approach to be that Rule 16(b)(4)'s good cause standard does not apply where a party seeks to file a supplemental pleading under Rule 15(d). First, Rule 16(b)(4)'s plain language provides that the scheduling order must include a limit on the time to "*amend* the pleadings"; it says nothing about a deadline for supplementing the pleadings. Fed. R. Civ. P. 16(b)(3)(a) (emphasis added); *see also Ohio Valley Envt'l Coal.,* 243 F.R.D. at 256. Moreover, because the "transaction, occurrence, or event" set out in a supplemental pleading must "happen[] after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d), the circumstances where a party might supplement its pleadings are unique from the circumstances where a party might amend its pleadings.

Even though the court finds that motions to file a supplemental pleading are not be governed by the scheduling order's deadline for amending the pleadings, it would simply go too far to say that no time constraints apply to such motions. Instead, under Rule 15(a), which, as already discussed, is the standard applied to motions under Rule 15(d), "'undue delay' [is] one of the justifications for denying a motion to amend." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 (10th Cir. 2006) (citing *Foman,* 371 U.S. at 182). As the *Minter* court expounded

> Emphasis is on the adjective: Lateness does not of itself justify the denial of the amendment . . . . However, a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.

*Id. (*internal citations and quotations omitted).

In this circuit, the focus is "primarily on the reasons for the delay."[6] *Id.* The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank,* 3 F.3d at 1365-66). *See also Durham v. Xerox Corp.,* 19 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.") Indeed, "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the

---

[6]This approach can be contrasted against the approach employed in other circuits where "amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court." *Minter,* F.3d at 1205 (discussing the different approaches implemented by various circuits).

amendment was based for some time prior to the filing of the motion to amend." *Fed Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987) (citations omitted).

Under this authority, the court finds that Predator's proposed second supplemental claim is patently untimely. Predator primarily argues that it never had an ownership claim against Gamo USA in state court, and that it has now "decided to assert for the first time an ownership claim against GAMO in this court." (Reply at 7.) However, Predator acknowledges that Gamo USA acquired Mr. Phillips' purported interest in the '893 patent in June 2010. (Mot. at 3.) Yet, Predator makes no attempt to explain why it waited for well over a year after Gamo USA acquired its potential interest in the '893 patent before seeking to assert this claim for declaratory relief. In that span of time, both the discovery deadline and the dispositive motions deadline passed.[7] Because Predator has failed to proffer *any* explanation—let alone an adequate one—for this lengthy delay, the court finds that Predator's proposed second supplemental claim is untimely. Accordingly, the court finds that Predator's Motion is properly denied with respect to this proposed second supplemental claim.

## C. *Third Supplemental Claim for Abuse of Process*

Predator's proposed third supplemental claim alleges that the Gamo USA's counterclaims against Predator in state court and Gamo USA's support of Phillips' claims against Predator constituted an abuse of process. (Supp. Compl. ¶ 46.) The Gamo Defendants

---

[7] The discovery cutoff was set at February 1, 2011 (*see* Doc. No. 174) and the dispositive motions deadline was set for March 21, 2011 (*see* Doc. No. 179).

argue that Predator's proposed third supplement claim would be futile because Predator does not

state a *prima facie* abuse of process claim.  (Resp. at 17-19.)

"In Colorado, abuse of process requires proof of (1) an ulterior purpose in the use of

judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper

in the regular conduct of a proceeding; and (3) damages." *Hewitt v. Rice,* 154 P.3d 408, 414

(Colo. 2007).  Abuse of process "provides a remedy in situations where litigation is properly

initiated, but is misused through an irregular, generally coercive act." *Mintz v. Accident and

Injury Med. Specialists, PC,* --- P.3d ----, 2010 WL 4492222, at *2 (Colo. App. Nov. 10, 2010)

(citations omitted).  "If the action is confined to its regular and legitimate function in relation to

the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior

motive or if he knowingly brought suit upon an unfounded claim." *James H. Moore & Assocs.

Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo. App. 1994); *see also Hertz v.

Luzenac Group,* 576 F.3d 1103, 1117 (10th Cir. 2009).

Although the Gamo Defendant's maintain that Predator does not sufficiently allege *any*

of the required elements of an abuse of process claim, their argument as to the second

element—the "improper use" element—is most persuasive.  In particular, the Gamo Defendants

maintain that "[f]undamentally, Predator has not, and cannot, identify any improper acts taken by

Gamo USA in the state court action, or any willful misuse of process."  (Resp. at 19.)

As to the "improper use" element, "using a legal proceeding in an improper manner

requires proof of a willful act by the defendant in using the process that is not proper in the

proceeding's regular course." *Mintz,* 2010 WL 4492222, at *2 (quoting *Am. Guar. & Liability*

*Ins. Co. v. King,* 97 P.3d 161, 170 (Colo. App. 2003)).  Importantly, "the filing of a justified

lawsuit cannot constitute the act necessary to sustain an abuse of process claim, even if the suit

was filed for an ulterior purpose."  *Id.* (citing *Inst. for Prof'l Dev. v. Regis College,* 536 F. Supp.

632, 635 (D. Colo. 1982)).  Instead, there must "be some improper act to conclude that one used

the legal proceedings in an improper manner."  *Id.*  Finally, although the ulterior purpose may be

inferred from the improper use of process, the improper use may not be inferred from the

purpose.  *Inst. for Prof'l Dev.,* 536 F. Supp. at 635.

The court finds that Predator has failed to allege any willful act by Gamo USA that was

not proper in the state court proceedings' regular course.  To be sure, Predator alleges that Gamo

USA's "improper *purpose*" includes Gamo USA's

> (1) pursuit of numerous claims knowing that they are without merit, (2) pursuit of
> claims in order to deprive Predator of the beneficial use of its property in a
> manner unrelated to the merits of its claims and . . . (4) pursuit of state court
> proceedings primarily for the purpose of inducing Predator to settle the separate
> proceedings in this Court or for some other similar form of extortion.

(Supp. Compl. ¶ 47.)  However, Gamo USA's pursuit of its state court counterclaims alone, even

if it knew they were without merit,[8] cannot "constitute the act necessary to sustain [its] abuse of

process claim." *Mintz,* 2010 WL 4492222, at *3; *see also Hertz,* 576 F.3d at 1117 ("If the action

is confined to its regular and legitimate function . . . there is no abuse, even if the plaintiff . . .

*knowingly brought suit upon an unfounded claim.*") (emphasis added).

---

[8] The state court denied Predator's motion to dismiss as to all but one of Gamo USA's
counterclaims, suggesting that Gamo USA's counterclaims are not so lacking in merit as to be
susceptible to Rule 11 or 12 dismissal.  (*See* Resp. Ex. 6.)

Predator's allegations that Gamo USA sought to "deprive Predator of the beneficial use of its property in a manner unrelated to the merits" of its claims and "induc[e] Predator to settle the separate proceedings in this court or for some other similar form of extortion" (Supp. Compl ¶ 47) do not aver to any improper *act* by Gamo USA. Rather, these allegations only support the first element—that Gamo USA allegedly had an ulterior purpose in pursuing its state court counterclaims. *See Mintz,* 2010 WL 4492222, at *3(citing *Hertz,* 576 F.3d at 1118) ("Usually, the *ulterior purpose* is to obtain an advantage in another matter to achieve the surrender of property or the payment of money.") (emphasis added).

Predator does allege that Gamo USA "misuse[d] [] law primarily for the purpose of harassment or delay." However, to the extent that a misuse of law could constitute a willful and improper act not proper within the state court proceedings' regular course, the court finds that this allegation is too conclusory and void of factual support to state a claim for relief. *See S. Disposal, Inc. v. Tex. Waste,* 161, F.3d 1259, 1262 (10th Cir. 1998) (in resolving whether a claim fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the court need not accept conclusory allegations without supporting factual averments).

Altogether, the court finds that Predator's proposed third supplemental claim for abuse of process is futile insofar as it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Jefferson Cnty. Sch. Dist.,* 175 F.3d at 859. Accordingly, the court finds that Predator's Motion is properly denied with respect to Predator's proposed third supplement claim.

## II.    FED R. CIV. P. 15(a)(2) – PREDATOR'S PROPOSED AMENDED CLAIM

Predator's proposed patent infringement claim alleges that the Gamo Defendants

infringed, are infringing, and will continue to infringe the '893 patent unless enjoined by this

court.  (Supp. Compl ¶ 49.)  As already noted, although Predator has included this claim in its

proposed Supplemental Complaint (*id.* ¶¶ 49-53), Predator acknowledges that Rule 15(a)(2) is

the proper mechanism for asserting this claim because the events underlying this claim occurred

well before it filed this case (*see* Mot. at 14).  Moreover, Predator acknowledges that its

proposed patent infringement claim is the same claim that was voluntarily dismissed by this

court's Order Granting Motion to Amend.  (*See id.*; Reply at 11.)

The deadline for amending the pleadings was October 15, 2009—nearly two years ago.

As such, as outlined above, Predator must demonstrate good cause to modify the scheduling

order before its may reassert its proposed patent infringement claim.  *Colo. Visionary Academy,*

194 F.R.D. at 687.  Again, "good cause" means that the "scheduling deadlines cannot be met

despite a party's diligent efforts."  *Pumpco, Inc.,* 204 F.R.D. at 668.  In this case, Predator

included its patent infringement claim in its first three iterations of its complaint—all of which

were at least filed as proposed pleadings before the deadline for amending the pleadings—and

then voluntarily dismissed that claim through its Fourth Amended Complaint.[9]  This obviously

---

[9]*Compare* Predator's Complaint (Doc. No. 1, filed Apr. 28, 2009), Amended Complaint ( Doc No. 4, filed May 6, 2009), *and* Second Amended Complaint (Doc. No. 73, filed Oct. 20, 2009), *with* Predator's Fourth Amended Complaint (Doc. No. 161, filed Sept. 9, 2010).

establishes that Predator could have filed its patent infringement claim before the deadline for amending the pleadings.

Nevertheless, Predator might be able to establish that it was diligent in attempting to meet the pleading amendment deadlines by showing "an adequate explanation for any delay." *Strope v. Collins,* 315 F. App'x 57, 62 (10th Cir. 2009) (quoting *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994)). Here, Predator voluntarily dismissed its patent infringement claim because it "discovered that it cannot prove that it had standing to pursue these claims without a written assignment from Mr. Lee Phillips, a co-inventor of the '893 Patent." (Mot. Am. Compl. at 2.) Thus, if Predator demonstrated that a recent event or change in circumstances has endowed Predator with standing to pursue its patent infringement claim, or at least a colorable claim that it now has standing, that would arguably suffice to adequately explain its delay of well over a year-and-a-half after the deadline to amend the pleadings.

Predator, however, has proffered no such argument. Instead, Predator's primary argument is that Gamo USA's "acquisition of whatever interests Phillips has in the patent as of June 2010 justifies amendment under Fed.R.Civ.P. 15(a)." (Reply at 11.) Without more, this conclusory argument does little to establish an adequate explanation for delay. At no point does Predator outline why this event establishes its standing, or even gives rise to a colorable claim that it has standing, to pursue its patent infringement claim. Rather, surely it would seem that if Mr. Phillips' former interest in the '893 patent, if any, was sufficient to defeat Predator's standing to prosecute a patent infringement claim, the transfer of that interest to one of the *allegedly infringing parties*, Gamo USA, would not bolster Predator's argument that it has

standing to pursue it patent infringement claim.  Instead, it would seemingly represent a significant hurdle in Predator's quest to pursue its patent infringement claim.

Moreover, even if Gamo USA's acquisition of Phillips' purported interest in the '893 patent does help establish Predator's standing to pursue its patent infringement claim, much like with its proposed second supplemental claim, Predator has failed to explained why it waited well over a year after Gamo USA acquired Mr. Phillips' interest before seeking leave to reassert its patent infringement claims.  Thus, similar to the reasons the court found Predator's proposed second supplemental claim untimely, it also finds that Predator has failed to show good cause for the year-long delay between the events that supposedly justified amending its complaint and the time when it actually sought to do so.

Predator also argues that "since the statute of limitations is running on Predator's infringement claim and since Predator's litigation with GAMO may go beyond the six-year statute of limitations which began in late 2008, it is appropriate that such claim be permitted." (Mot. at 14.)  This argument is of little moment.  If the fact that the statute of limitations is running on a claim alone were sufficient to justify a lack of diligence and permit leave to amend, then Rule 16(b)(4)'s good cause standard would be completely nugatory.  Indeed, a party could always justify an amendment to assert a previously unasserted claim because the statute of limitations will *necessarily* be running on that claim.  Moreover, if anything, the fact that the statute of limitations is running would only draw scrutiny toward a delay in moving for leave to amend in order to add a claim; surely it would not *explain* such a delay.

Accordingly, because Predator's present attempt to reassert its patent infringement claim comes more than a year-and-a-half after the deadline for amending the pleadings, and because Predator has failed to adequately explain this delay, the court finds that Predator has failed to demonstrate good cause pursuant to Rule 16(b)(4) as required to permit this amendment. Therefore, the court finds that Predator's Motion is properly denied to the extent it seeks to amend its Fourth Amended Complaint to allege a patent infringement claim.

### III.    OTHER RELIEF

Predator also seeks an order, pursuant to Fed. R. Civ. P. 42, "separating the trial in this action on Predator's Fourth Amended Complaint from the trial on Predator's Supplemental Complaint filed herewith except Predator requests that the trial on Predator's patent infringement claim be stayed pending trial of the other claims in the Supplemental Complaint."  (Mot. at 14.) Because the court has found that Predator's Motion is properly denied to the extent that Predator seeks to serve its proposed Supplemental Complaint under Fed. R. Civ. P. 15(d), and is likewise properly denied to the extent that Predator seeks leave under Fed. R. Civ. P. 15(a)(2) to reassert its patent infringement claim, the court finds Predator's request for relief pursuant to Fed. R. Civ. P. 42 is properly denied as moot.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that "Plaintiff's Motion to File a Supplemental Complaint and for Other Relief" (Doc. No. 227) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of September, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge