IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation, and
INDUSTRIAS EL GAMO, S.A., a Spanish corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 239]. The magistrate judge recommends that the Court deny the Motion to File a Supplemental Complaint and for Other Relief [Docket No. 227] filed by plaintiff Predator International, Inc. Plaintiff filed timely objections [Docket No. 241] to the Recommendation. Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *cf. First American Mortg., Inc. v. First Home Builders of Florida*, No. 10-cv-00824-REB-MEH, 2010 WL 5230902, at *4 (D. Colo. Dec. 15, 2010) (Hegarty, M.J.) (noting that "the denial of a motion to amend is a dispositive issue that may be only recommended" by a magistrate judge) (emphasis omitted).[1]

---

[1] The Recommendation contains a detailed Statement of the Case with which no party has taken issue.

Federal Rule of Civil Procedure 15(d) provides in pertinent part that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff seeks leave to file a supplemental complaint containing three claims for relief: (1) a claim that the Court enjoin defendants' state court fraud claims pursuant to the Anti-Injunction Act ("AIA"), see 28 U.S.C. § 2283; (2) a claim for a declaration that defendants do not have an ownership interest in a patent forming the basis for plaintiff's now-dismissed patent infringement claim; and (3) a claim for abuse of process arising out of defendants' assertion of certain state law claims against plaintiff. Having engaged in a de novo review of plaintiff's motion, the Court will deny plaintiff leave to file any of the supplemental claims for substantially the same reasons as stated in the Recommendation.

The Court, however, concludes that additional discussion of plaintiff's delay in raising its supplemental claims is in order. In regard to the second supplemental claim, the Recommendation concluded that plaintiff's motion was untimely, noting that plaintiff offered no explanation for waiting more than a year to assert it, during which the discovery deadline and dispositive motions deadline passed. See Docket No. 239 at 18. Plaintiff's objections to the Recommendation provide an explanation for the delay that only further emphasizes that plaintiff's position is not well-founded. Plaintiff informs the Court that the delay in asserting the patent ownership claim stems from an April 1, 2011 state court ruling on defendants' fraud claims. Dissatisfied with that ruling, plaintiff decided to seek relief in this Court via its AIA claim and, "[a]s long as it did this, it

decided to add the patent ownership claim." Docket No. 241 at 13.  In short, the long delay is a consequence of seeking an alternate and more favorable forum to resolve that dispute.  That fact provides no grounds to grant plaintiff's motion to file its second supplemental claim.

The Court also concludes that, in addition to the bases stated in the Recommendation, plaintiff also unduly delayed seeking leave to assert its AIA claim.  In a September 9, 2010 order [Docket No. 160], the magistrate judge granted plaintiff leave to file a fourth amended complaint.  Plaintiff's fourth amended complaint voluntarily dismissed its patent infringement claim because plaintiff "discovered that it cannot prove that it had standing to pursue these claims without a written assignment from Mr. Lee Phillips, a co-inventor of the . . . Patent." Docket No. 142 at 2.  In the September 9 Order, the magistrate judge denied defendants' request for fees and costs as a condition for granting plaintiff leave to amend.

The AIA prohibits federal courts from enjoining state court proceedings except in three instances: "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  In its AIA claim, plaintiff alleges that the denial of defendants' request for fees and costs precludes defendants' state court fraud claims which are based on alleged misrepresentations regarding plaintiff's patent ownership interest.  Defendants' state court fraud claims, however, have not been decided by this Court.  "[W]hen a federal court has not passed on a specific claim, the main concern raised by subsequent state litigation is harassment of the opposing party.  That concern is not to be taken lightly, but it is the province of res judicata, a defense that a party is free to raise in the

subsequent state-court suit . . . and that the state courts 'are presumed competent to resolve.'" *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1110-11 (10th Cir. 2007) (citations omitted). Plaintiff filed a state-court motion to dismiss the fraud claims on res judicata grounds, presenting the precise argument it now asserts in support of its supplemental AIA claim. Only after the state court denied plaintiff's motion to dismiss the fraud claims on April 1, 2011, *see* Docket No. 227-1 at 14, ¶ 38(b) (basing its supplemental complaint in part on the allegation that the "state court misapplied the law of 'issue preclusion'"), did plaintiff file the present motion on July 11, 2011, which explains the delay at issue here. Delay born of such forum shopping is undue and is a sufficient basis to deny plaintiff's motion.[2]

Plaintiff also sought leave to reassert the patent infringement claim it voluntarily dismissed with the filing of its fourth amended complaint. *See* Docket No. 227 at 14. Plaintiff, however, does not object to the recommendation that the Court deny such leave "even though [plaintiff] believes the magistrate judge erred in denying the motion as to this claim." Docket No. 241 at 21.

Finally, having concluded that plaintiff's request for leave to file its supplemental complaint must be denied, the Court will deny as moot plaintiff's request for a separate trial on that complaint.

For the foregoing reasons, it is

---

[2]Similarly, plaintiff's abuse of process claim turns on the November 15, 2010 assertion of claims in state court. Not until July 2011, after its motion to dismiss largely failed in state court, did plaintiff seek to recover in this Court on an abuse of process characterization of those claims. Plaintiff fails to identify how this long delay in filing the present motion is explained by anything other than its desire to seek relief in a new forum.

**ORDERED** that Recommendation of United States Magistrate Judge [Docket No. 239] is ACCEPTED. It is further

**ORDERED** that the Motion to File a Supplemental Complaint and for Other Relief [Docket No. 227] filed by plaintiff Predator International, Inc. is DENIED.

DATED March 26, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge