IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the motion for clarification [Docket No. 293] filed by defendant Gamo Outdoor USA, Inc. ("Gamo USA").

    On March 26, 2012, the Court granted in part and denied in part [Docket No. 289] Gamo USA's motion for summary judgment [Docket No. 182]. The Court ordered that, upon entry of final judgment in this case, judgment shall enter in favor of Gamo USA and against plaintiff Predator International, Inc. ("Predator") on Predator's claim for trade dress infringement and state law claims for unjust enrichment and unfair competition. The Court, however, concluded that Predator had identified evidence sufficient to survive summary judgment on its copyright claim. In the present motion, rather than seeking clarification, Gamo USA requests judgment on its argument that Predator has identified no damages that it could recover on its copyright claim, an issue raised in the motion for summary judgment that was left unaddressed by the Court's March 26, 2012 order. Therefore, the Court construes the motion as a motion for

reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *See Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir.1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at*1–2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order).

With that said, however, Gamo USA's motion is based on the premise that resolution of the damages issue will serve efficiency by eliminating an undisputed issue from the case. In its motion for summary judgment and the present motion, Gamo USA

2

contends, and Predator does not dispute, that Predator is barred from recovering statutory damages or attorney's fees on its copyright claim.  Therefore, the Court identifies no reason to deny summary judgment to Gamo USA on Predator's copyright claim to the extent Predator seeks statutory damages and attorney's fees.

Furthermore, this issue raises the question of whether plaintiff's copyright claim is now moot.  A federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  When a plaintiff succeeds on a copyright claim, it has the option of choosing between actual damages or statutory damages.  *See* 17 U.S.C. § 504(a); *cf. Eagle Services Corp. v. H20 Industrial Services*, Inc., 532 F.3d 620, 623 (7th Cir. 2008) (noting that there is no right to nominal damages in a copyright case); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 253 (S.D.N.Y. 2004) (commenting that a plaintiff "seeks statutory damages for the copyright violation in the same way that a plaintiff who cannot prove damages for a tort or breach of contract claims nominal damages").  It is not clear whether, in the absence of statutory damages and attorney's fees, Predator has evidence of actual losses that would provide the Court with a basis to award relief if Predator were to prevail on its copyright claim.  *See* Docket No. 214 at 20 ("Predator further fails to establish any evidence of damages resulting from the alleged copyright infringement.  Once alerted of similarities between the RED FIRE description on Gamo's website and the POLYMAG description on Predator's website, Gamo removed

the alleged infringing material from its website within a few weeks.").[1] Consequently, the Court cannot determine that "'granting a present determination of the issues offered will have some effect in the real world.'" *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

For the foregoing reasons, it is

**ORDERED** that Gamo USA's motion for clarification [Docket No. 293] is GRANTED and, upon entry of final judgment in this case, judgment shall enter in favor of Gamo USA and against Predator on Predator's copyright claim to the extent it seeks statutory damages and attorney's fees.  It is further

**ORDERED** that, on or before **Monday, June 11, 2012**, Predator shall show cause why its copyright claim should not be dismissed as moot.

DATED June 5, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] *See Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996) ("When there is no probability or threat of continuing infringements, injunctive relief is ordinarily inappropriate.").