IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion under Fed.R.Civ.P. 59 [Docket No. 358] seeking relief from the Court's Order of Dismissal [Docket No. 351]. The Court's jurisdiction is based on 28 U.S.C. § 1331.

**I. BACKGROUND**

Plaintiff Predator International, Inc. ("Predator") sells airgun pellets with red polymer tips under the name POLYMAG. Defendant Gamo Outdoor USA, Inc. ("Gamo USA"), a Predator competitor in the airgun pellet market, sells the RED FIRE, an airgun pellet that also has red polymer tips. Predator initiated this action on April 28, 2009, alleging that Gamo USA and former defendant Industrias El Gamo, S.A. ("Gamo Spain") infringed both Predator's protected trade dress in the red color of the POLYMAG's polymer tip and Predator's copyright in the language used to describe the POLYMAG pellets in advertisements and on its website. Pursuant to Colorado law, Predator also asserted unjust enrichment and unfair competition claims, as well as a

claim under the Colorado Consumer Protection Act ("CCPA"). *See* COLO. REV. STAT. § 6-1-101 *et seq*.

On March 26, 2012, the Court granted summary judgment to both defendants on Predator's claims for trade dress infringement, unjust enrichment, and unfair competition. The Court further granted summary judgment to Gamo Spain on Predator's copyright infringement and CCPA claims. The only remaining claims at that point were Predator's copyright claim and, to the extent it was upon alleged copyright infringement, its CCPA claim, against Gamo USA.

On April 4, 2012, Gamo USA filed a motion[1] [Docket No. 293] seeking a ruling on its argument that Predator had not identified any damages recoverable on its copyright claim, an issue raised in Gamo USA's motion for summary judgment [Docket No. 182], but not decided. The Court granted Gamo USA summary judgment on Predator's copyright claim to the extent Predator was seeking attorney's fees or statutory damages. Docket No. 308 at 3. In addition, the Court found that "[i]t is not clear whether, in the absence of statutory damages and attorney's fees, Predator has evidence of actual losses that would provide the Court with a basis to award relief if Predator were to prevail on its copyright claim." *Id*. at 3. Accordingly, the Court ordered Predator to show cause by or before June 11, 2012 "why its copyright claim should not be dismissed as moot." *Id*. at 4.

---

[1] Gamo USA labeled this a Motion for Clarification, Docket No. 293, but the Court construed it as a motion for reconsideration because, "rather than seeking clarification, Gamo USA request[ed] judgment on its argument that Predator has identified no damages that it could recover on its copyright claim, an issue raised in the motion for summary judgment that was left unaddressed by the Court's March 26, 2012 order." Docket No. 308 at 1.

On June 7, 2012, Predator filed a response [Docket No. 310] to the Court's order, which it supplemented on June 20, 2012 [Docket No. 320].[2]  On July 5, 2012, the Court found that there was "no legal or factual basis upon which Predator is entitled to relief on its copyright claim" and dismissed the copyright claim.  Docket No. 351 at 9.  Declining to exercise supplemental jurisdiction over Predator's remaining state law claim, the Court dismissed the case and final judgment entered against Predator.  Docket No. 351 at 9-10.

On July 31, 2012, Predator filed a motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend judgment.  Docket No. 358.  Predator argues that the Court erred by misapplying the standard for summary judgment, by treating Predator's copyright claim as a claim for indirect profits, by finding that Predator's evidence was insufficient to raise a genuine dispute as to the issue of damages, and by dismissing unresolved claims.  *Id*.  Predator requests that the Court grant the following relief:

1. Vacate its Order of Dismissal and Final Judgment dated July 5, 2012, reset this case for trial, grant plaintiff's motion to amend pretrial order, grant plaintiff's motion for relief from protective orders and deny GAMO's motion to dismiss counterclaim, or

2. Take the following actions:

    (1) Determine that Predator's claim against GAMO for actual damages for its copyright infringement is a direct profits claim.

    (2) Determine that, upon Predator's showing a copyright infringement of a direct profits claim and upon Predator's proof of GAMO's gross revenues in connection with the sale of the Red Fire pellet, the burden shifts to GAMO to prove that its infringement did not cause Predator damages and, to the

---

[2] The Court considered Predator's supplemental response, notwithstanding the fact that Predator filed it out of time without leave to do so.  Docket No. 351 at 7.

        extent of any damages which it has, to prove deductions.

(3)     Hold that the issue of whether GAMO can prove that Predator has no actual damages including profits on account of its direct profits claims is a question for the jury.

(4)     Hold that the issue of whether Predator can prove actual damages is a question for the jury.

(5)     Order an immediate trial on GAMO's counterclaim for 50% ownership of the patent and Predator's copyright injunction and declaratory judgment claims if Predator cannot obtain a summary judgment on GAMO's counterclaim for 50% ownership of the patent.

(6)     Grant Predator's motion to amend by adding the Fifth Amended Complaint or vacating its Order relating to refusing to hear the CCPA claim on grounds of supplemental jurisdiction.

(7)     Certify the Court's dismissal of Predator's copyright damage claim, if not vacated, pursuant to Fed.R.Civ.P. 54(b).

(8)     Hold, if the Court believes it correctly applied Fed.R.Civ.P. 56 in this case, that Predator shall have reasonable time to respond to GAMO's amended motion for summary judgment in the proper manner.

(9)     Accept Predator's Statement of Facts contained herein pursuant to Fed.R.Civ.P. 52(b) and make it part of the Order of Dismissal.

Docket No. 358 at 29-30.

## II. STANDARD OF REVIEW

A motion to alter or amend a judgment must be filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59 motion is warranted in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A decision or

action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." BLACK'S LAW DICTIONARY 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id*.

### III.  DISCUSSION

As there has been no intervening change in the law, and Predator has not come forward with evidence previously unavailable, the only basis for granting relief under Rule 59 is a finding that the Court clearly erred in dismissing the case. *See Servants of the Paraclete*, 204 F.3d at 1012. Predator argues that the Court erred in (1) failing to put Predator on notice that the Court would dismiss the case if Predator failed to show a genuine dispute of material fact regarding its entitlement to relief; (2) applying a summary judgment standard; (3) classifying Predator's claim as seeking indirect profits; (4) finding that Predator's proffered evidence was insufficient to raise a genuine dispute of fact as to damages; and (5) dismissing the case without resolving all pending claims and motions. Docket No. 365 at 1-2.

#### A.  Notice

Predator argues that the Court erred in failing to notify Predator that its copyright claim would be dismissed if it failed to come forward with evidence of damages sufficient to survive a motion for summary judgment. Docket No. 358 at 9-12.

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when

5

the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Bd. of Regents of the Univ. of N. M.*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).

Only disputes of material fact can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

As the Court explained in its order of dismissal, Gamo USA advanced the argument that the record did not reflect a genuine dispute of material fact regarding the issue of damages. Docket No. 351 at 3; Docket No. 214 at 20 ("Predator does not refute, and thus concedes, that it is not entitled to statutory damages or attorneys' fees. Predator further fails to establish any evidence of damages resulting from the alleged copyright infringement."). Gamo USA supported this argument with citations to deposition testimony.[3] *Id*. However, as this argument appeared in a reply brief, the

---

[3] Predator argues that the Court erred by not requiring Gamo USA to make a stronger showing that evidence of damages was lacking. Docket No. 358 at 9-10.

Court notified the parties and allowed Predator an opportunity to respond before reconsidering Gamo USA's motion for summary judgment on this basis. *See* Docket No. 308.

Predator argues that it was not on notice that the case would be dismissed if it failed to produce evidence of its damages. Docket No. 358 at 10-11. The Court's June 5, 2012 order was framed as both a reconsideration of Gamo USA's motion for summary judgment and an order to show cause. Although the Court mentioned mootness in the order to show cause, the underlying issue regarding mootness was whether Predator had any evidence of actual damages. The order clearly stated that the case would be dismissed unless Predator came forward with "evidence of actual losses." Docket No. 308 at 3. Furthermore, Predator's responses to this order demonstrate its understanding that it had to come forward with sufficient evidence to survive summary judgment. *See, e.g.*, Docket No. 320 at 4 ("As shown below, genuine issues of material fact exist for the jury on whether Predator can establish the necessary link between GAMO's undisputed infringement and the monetary relief

---

First, the Court finds that Gamo USA's showing on this matter was sufficient. Second, although the Court did not explicitly invoke its power to grant summary judgment sua sponte pursuant to Rule 56(f), it complied with the requirements of Rule 56(f) for doing so. *See* FED. R. CIV. P. 56(f) ("after giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Predator complains that the Court gave it only six days to respond to the June 5, 2012 order. *See* Docket No. 365 at 5. However, Predator responded in two days. Docket No. 310. Moreover, Predator later supplemented its response. *See* Docket No. 320. At no point did Predator ask for more time to file a response. Furthermore, given that, at the time of the Court's June 5, 2012 order, the trial was approximately a month and a half away, the claim that Predator needed more time to marshal its evidence rings hollow. Thus, the Court provided Predator a reasonable time to respond.

sought."); Docket No. 310 at 10 ("For the foregoing reasons, Predator has suffered damages from GAMO's copy infringement and its copyright claim should not be dismissed."). Moreover, while Predator asserts that the Court erred by "interpret[ing] every doubtful issue in favor of GAMO," it does not offer any specific arguments to support this general contention. See Docket No. 358 at 12.

Thus, Predator has not shown clear error on the part of the Court on the basis that notice was lacking or that summary judgment was misapplied.

### B. Indirect Profits

Predator argues that the Court erred in treating this as an indirect profits case. Docket No. 358 at 14-24. Predator claims that Gamo USA never argued that Predator's case was an indirect profits case and, as a result, Predator had no obligation to discuss this issue. Docket No. 358 at 17. However, Gamo USA argued that Predator's claim was for indirect profits in its reply to Predator's response to the Court's June 5, 2012 order, setting forth a legal standard based almost exclusively on indirect profits cases. Docket No. 314 at 3-4 ("'[T]o survive summary judgment, a copyright infringement plaintiff seeking to recover indirect profits damages [i.e. damages for profits that have an attenuated connection to the infringement under 17 U.S.C. § 504(b)] must proffer some evidence to create a triable issue regarding whether the infringement at least partially caused the profits that the infringer generated as a result of the infringement.'") (brackets in original). Predator had an opportunity to respond to this argument in its supplemental response, but instead stated that it "agree[d] with GAMO that it cannot show damages based upon a presumption that GAMO sales are

due to copyright infringement."[4]  Docket No. 320 at 4.  Although Predator now contends that this statement was "misleading to the extent it infers there is no presumption," Docket No. 358 at 14 n.9, Predator's attempt to revise its argument after entry of judgment does not establish any error on the part of the Court in treating its claim as one for indirect profits.  *See Servants of the Paraclete*, 204 F.3d at 1012.

Predator also argues that its evidence was sufficient to survive a motion for summary judgment even on an indirect profits claim.  Docket No. 358 at 25.  Predator sought to recover Gamo USA's revenue–a total of $2.7 million–from sales of both the RED FIRE pellet and another polymer-tipped pellet.  Docket No. 310 at 3.  In support of this request, Predator submitted the following evidence:

- a summary of the advertising copy on Predator and Gamo USA's respective websites at the time the case was filed, Docket No. 310-1;

- a summary of Gamo USA's "packaging conduct" after the parties entered into a stipulated injunction on July 10, 2009, Docket No. 310-2;

- an excerpt of the deposition of a Gamo USA representative, Vincent Abrams, regarding Gamo USA's packaging, Docket No. 310-3;

- a declaration from Predator's president, Richard Dixon, stating that the facts asserted in Predator's initial response are true, Docket No. 310-4;

- a chart showing projected and actual sales of Polymag pellets from 2007 to 2012, Docket No. 310-5;

- affidavits from three airgun enthusiasts stating that the RED FIRE design and packaging copy caused them to believe that Gamo USA was somehow affiliated with Predator, Docket No. 320-1;

- an excerpt of the deposition of airgun enthusiast Dennis Brooks regarding

---

[4] Predator appears to argue the opposite in its Rule 59 motion: "[t]he damages are obvious and presumed from the reasonable relationship between the infringed work and the resulting revenues."  Docket No. 358 at 16.

      packaging, Docket No. 320-2;

- a chart showing projected and actual sales of Polymag pellets from 2009 to 2012, Docket No. 320-3;

- a Gamo USA press release and two advertisements containing the allegedly infringing copy, Docket Nos. 320-4 and 320-5.

Predator does not show that it had sufficient evidence to survive summary judgment on a claim for direct profits. Even in a direct profits claim, the plaintiff bears the "burden of demonstrating some causal link between the infringement and the particular profit stream before the burden-shifting provisions of § 504(b) apply." *Wood v. Houghton Mifflin Harcourt Pub. Co.*, 589 F. Supp. 2d 1230, 1245 (D. Colo. 2008). "[A] copyright holder cannot meet its initial burden simply by pointing to the infringer's total gross revenue from all of its profit streams." *Id*. (internal citation omitted); *see also Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 520 (4th Cir. 2003) ("The § 504(b) cases in which partial summary judgment in favor of an infringer with respect to part, or all, of the infringer's revenues has been found proper, fall roughly into two categories: (1) those in which there existed no conceivable connection between the infringement and a given revenue stream; and (2) those in which, despite the existence of a conceivable link, the plaintiff failed to offer anything more than mere speculation as to the existence of a causal connection between the infringement and the claimed revenues.").

Furthermore, the Court has already considered Predator's argument that it submitted sufficient evidence to raise a genuine dispute of material fact regarding its entitlement to damages, *see* Docket No. 351 at 4-9, and thus this is not an appropriate

basis for reconsidering a final judgment. *See Servants of the Paraclete*, 204 F.3d at 1012.

Finally, Predator does not show that the Court clearly erred in finding that the documents Predator submitted fail to establish an "evidentiary basis for believing that defendant's sales [of all polymer-tipped pellets] were, at least in part, attributable to copyright infringement." Docket No. 351 at 4; *see* Docket Nos. 310-1, 310-2, 310-3, 310-4, 310-5, 320-1, 320-2, 320-3, 320-4, and 320-5.[5]

Thus, there is no basis for altering or amending the Court's judgment that Predator is not entitled to damages on its copyright claim.

## C. Final Judgment

Predator argues that the Court erred because its order of dismissal did not dispose of Gamo USA's counterclaim for 50% ownership of the patent nor did it "dispose of Predator's copyright claim for injunction remedies." Docket No. 358 at 8.

---

[5] Predator argues that it "established" both Gamo USA's gross revenue and Predator's corresponding drop in sales. Docket No. 358 at 25. However, Predator established neither–it asserted the relevant amounts in its briefs but did not provide evidentiary support for these assertions. Unsupported assertions are insufficient to meet the requirements of Rule 56. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130 (10th Cir. 2004) (a party's bare assertion, absent any record support, is insufficient to survive summary judgment). The affidavit of Predator's President, Mr. Dixon, stating "I have read the Statement of Facts contained in Predator's Response to Court Order dated June 5, 2012 and such facts are true to the best of my knowledge and belief," Docket No. 310-4 at 2, ¶ 2, is no more than a "scintilla" of evidence, insufficient to survive summary judgment. *See Liberty Lobby*, 477 U.S. at 252. This affidavit states a conclusion without providing factual detail and does not set forth any basis establishing Mr. Dixon's personal knowledge of the facts alleged in Predator's response, including those facts, like Gamo USA's revenue and sales projections, to which Mr. Dixon had no apparent means of access. *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1244 (10th Cir. 2010) ("To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

"The basic elements of an infringement claim are (1) specification of the copyrighted work at issue, (2) that plaintiff owns that work, (3) that registration has been obtained where required, and (4) the acts by which defendant violated plaintiff's rights, and during what time period."  6 PATRY ON COPYRIGHT § 19:3.  Obtaining injunctive relief on a copyright claim requires that a plaintiff show "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships . . . a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

In its fourth amended complaint [Docket No. 161], Predator requested a declaration that it "owns valid and enforceable rights to the Copyrighted Work, Gamo has infringed Predator's copyright in the Copyrighted Work, and that such infringement has been willful and deliberate."  Docket No. 161 at 12, ¶ 2(a).  It also asked the Court to enjoin Gamo USA from "copying, reproducing, publishing, disseminating, or using the Copyrighted Work."  Docket No. 161 at 12, ¶ 2(b).

Entitlement to monetary damages is not an element of a copyright claim seeking either declaratory or injunctive relief.  The Court therefore erred in dismissing Predator's declaratory and injunctive claims on this basis.  "The existence of damages suffered is not an essential element of a claim for copyright infringement."  *On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  In *On Davis*, the Second Circuit held that it was error for the district court to dismiss plaintiff's copyright claim based on a failure to show damages

without addressing plaintiff's claim for declaratory relief. *Id*. at 159.  Accordingly, the Court will set aside its final judgment and amend its order of dismissal to permit Predator to litigate its copyright claim to the extent it seeks declaratory or injunctive relief.  The Court will also exercise supplemental jurisdiction over Predator's CCPA claim to the extent it is based upon the alleged copyright infringement.

In light of this decision, Predator's argument that the order of dismissal is not a final judgment is moot.  *See* Docket No. 358 at 8, 27.  In addition, its request to amend its complaint to allege diversity jurisdiction is also moot.  *See* Docket No. 358 at 27-28.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion Under Fed.R.Civ.P. 59 [Docket No. 358] is GRANTED in part and DENIED in part.  It is granted with respect to Predator's claim for copyright infringement to the extent it seeks declaratory or injunctive relief and with respect to Predator's CCPA claim to the extent it is based upon the alleged copyright infringement.  It is denied in all other respects.  It is further

**ORDERED** that the Court's Order of Dismissal [Docket No. 351] is VACATED to the extent it dismissed Predator's copyright claims for declaratory and injunctive relief and its CCPA claim against Gamo USA.  It is further

**ORDERED** that the Court's Final Judgment [Docket No. 352] is VACATED.  It is further

**ORDERED** that the clerk of the Court is directed to reinstate this action to the docket.  It is further

**ORDERED** that Plaintiff's Motion to Review Bill of Costs [Docket No. 363] is DENIED as moot.

DATED March 18, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge