IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion for an Order Under Fed.R.Civ.P. 54(b) or Other Relief [Docket No. 383] filed by plaintiff Predator International, Inc. ("Predator") on May 14, 2013.  Predator requests that the Court either direct an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Predator's copyright claim for damages or permit Predator to try this claim before a jury.  Docket No. 383 at 1-2, ¶¶ 2-3.  The Court granted summary judgment to defendant GAMO Outdoor USA, Inc. ("GAMO") on Predator's copyright claim for damages.  Docket Nos. 351 and 379.

    Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and

(3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).  In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Predator argues that relief under Rule 54(b) is appropriate because an appeal will not interfere with proceedings before this Court and because the Tenth Circuit may expedite its appeal, "resolv[ing] Predator's disagreement with the Court concerning these Orders before a scheduled trial." Docket No. 383 at 2, ¶ 2.  The Court disagrees.  A piecemeal appeal would be inefficient to the parties and to the courts.  Moreover, Predator has failed to demonstrate any inequity or prejudice it will suffer from denying its motion.  As a result, it states no colorable basis to direct entry of judgment under Rule 54(b).

Wherefore, it is

**ORDERED** that Plaintiff's Motion for an Order Under Fed.R.Civ.P. 54(b) or Other Relief [Docket No. 383] filed by plaintiff Predator International, Inc. is DENIED.

DATED May 20, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge