IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00970–PAB–KMT

PREDATOR INTERNATIONAL, INC., a Colorado Corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant's Motion for Leave to Amend Counterclaims" (Doc. No. 296, filed Apr. 6, 2012 [Def.'s Mot. Am.].) Plaintiff's Response (Doc. No. 303) was filed on April 13, 2012, and Defendant's Reply (Doc. No. 307) was filed on May 11, 2012. The court also considers herein "Plaintiff's Motion to Amend Final Pretrial Order" (Doc. No. 286, filed Mar. 23, 2012 [Pltf's Mot. Am.) and "Defendant's Motion to Strike Plaintiff's Answer to Defendant's Counterclaims" (Doc. No. 294, filed Apr. 4, 2012 [Mot. Strike]). For the following reasons, the court recommends[1] that Defendant's Motion to Amend be granted and that Plaintiff's Motion to Amend and Defendant's Motion to Strike be denied as moot.

---

[1] The court resolves these motions by recommendation as a ruling on Defendant's Motion to Amend will be dispositive of Defendant's counterclaims. *See* Fed. R. Civ. P. 72(b).

In its Motion to Amend, Defendant seeks to amend its Counterclaims (*See* Answer, Affirmative Defenses, and Counterclaims, Doc. No. 164, filed Sept. 23, 2010) to withdraw its first and second counterclaims pursuant to Federal Rules of Civil Procedure. Plaintiff does not oppose allowing Defendant to withdraw its second counterclaim, but does opposes Defendant's Motion to Amend to the extent it seeks to withdraw the first counterclaim.

As Plaintiff correctly points out (*see* Resp. at 1), because a Final Pretrial Order has been entered in this case (*see* Doc. No. 255, filed Nov. 1, 2011), the proper procedure at this juncture for withdrawing claims or issues is to amend the Final Pretrial Order, rather than the pleadings. *Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) ("When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial.") (internal quotation marks and citation omitted). Thus, the court construes Defendant's Motion to Amend as a motion to amend the Final Pretrial Order.

Federal Rule of Civil Procedure 16(e) provides that "the court may modify the order issued after a final pretrial conference only to prevent manifest injustice." The burden of demonstrating manifest injustice falls upon the party moving for modification. *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1223 (10th Cir. 2000) (citing *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir. 1987)). The court considers the following factors in determining whether to permit an amendment of the Final Pretrial Order: (1) prejudice or surprise to the party opposing the amendment; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case; and (4) bad faith by the party seeking to modify the order. *Id.* (citations omitted).

At the outset, the court notes the rather unusual positions taken by the parties. Unlike the more typical circumstance where a party seeks to add for trial an issue or claim by way of an amendment to the final pretrial order, here Defendant seeks to withdraw its counterclaim for trial, and Plaintiff opposes such relief. This appears to arise from the fact that Defendant's first counterclaim seeks declaratory judgment of non-infringement of the patent based on the fact that Defendant allegedly owns one half of the rights, title and interest to and in the patent at issue. Plaintiff opposes Defendant's attempt to withdraw this claim ostensibly because it contests that Defendant owns any portion of the patent and thus has an interest in obtaining a judgment declaring that it owns the patent outright.

The court finds that each of the factors outlined above weigh in favor of allowing Defendant to amend the Final Pretrial Order to withdraw its first counterclaim. As to the first factor, Plaintiff and Defendant both focus on whether Plaintiff will be prejudiced if it is "forced" to resolve the ownership issues underlying Defendant's first counterclaim exclusively in a related state court action. However, the court's analysis is not concerned with whether Plaintiff will somehow be prejudiced in the state action; instead, the court must evaluate whether the removal of Defendant's first counterclaim will prejudice Plaintiff in *this* action—namely, at trial.

With that focus in mind, the court finds that Plaintiff will not be prejudiced by the withdrawal of Defendant's first counterclaim. First, unlike the scenario where a party belatedly injects a new issue for trial into a final pretrial order, here withdrawing Defendant's first counterclaim will actually narrow the issues for trial.

More importantly, the court is not faced with a situation where a party diligently and thoroughly conducted expensive discovery on a claim, only to have it removed from the case at the last minute by the opposing party. Plaintiff did not even file an Answer to Defendant's Counterclaims until March 13, 2012—more than four months after the Final Pretrial Order was entered, a year after discovery closed, and *a year-and-a-half* after the Counterclaims were first filed. Plaintiff further admits this extraordinary delay resulted because its attorney failed to even *read* Defendant's counterclaims when they were filed. Ultimately, the court rejects Plaintiff's contention that it will be prejudiced by the withdrawal of a claim that, for a considerable period of time, it utterly failed to defend or investigate.

As to the third[2] factor, because Plaintiff has not prepared to defend Defendant's second counterclaim and Defendant seeks to withdraw the same, there will not be any disruption to the orderly and efficient trial of this case. In fact, if anything, requiring that Defendant pursue this claim over its own objection would be disruptive. Outside of Defendant's second counterclaim, there are no longer any patent claims at issue for trial. Injecting a single patent claim into what will otherwise be a copyright trial, notwithstanding the objection of the party who brought the claim, would be inefficient use of scare judicial resources.

As to the final *Koch* factor, the court does not find that Defendant is acting in bad faith by seeking to withdraw its first counterclaim. Plaintiff argues primarily that Defendant "was trying to sandbag Predator by taking advantage of Predator's obvious ignorance to obtain a

---

[2] Because no prejudice will result, the court need not consider the second *Koch* factor regarding whether the prejudice may be cured.

4

favorable decision in this court on ownership." (Resp. at 12.)  The court is dumbfounded how *withdrawing* a claim, and thereby foreclosing the possibility of a favorable outcome on that claim, could somehow take advantage of or "sandbag" an adversary who previously did not even know the claim existed.  Altogether, in light of the court's consideration of the *Koch* factors and the circumstances presented, the court finds that it would be manifestly unjust to require Defendant to proceed to trial on a counterclaim that it has no interest in pursuing, particularly when Plaintiff failed to defend or investigate that claim.

As a final matter, Plaintiff's Motion to Amend seeks to amend the Final Pretrial Order to deny Defendant's counterclaims and all material allegations therein and also allow Plaintiff an opportunity to file a dispositive motion with respect to Defendant's first counterclaim.  Defendant's Motion to Strike seeks to strike Plaintiff's untimely answer to its counterclaims.  Because the court finds it appropriate to amend the Final Pretrial Order to withdraw Defendant's counterclaims, these motions are properly denied as moot.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that  "Defendant's Motion for Leave to Amend Counterclaims" (Doc. No. 296, filed Apr. 6, 2012 [Def.'s Mot. Am.]) be GRANTED and that the Final Pretrial Order be amended to remove Defendant's first and second counterclaims.  The court further

RECOMMENDS that "Plaintiff's Motion to Amend Final Pretrial Order" (Doc. No. 286) and "Defendant's Motion to Strike Plaintiff's Answer to Defendant's Counterclaims" (Doc. No. 294) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of June, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge