IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

     Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

     Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of Certain Orders [Docket No. 381] filed by plaintiff Predator International, Inc. ("Predator"). Predator moves the Court to reconsider the Orders issued on July 5, 2012 and March 18, 2013 to the extent that they grant summary judgment to defendant Gamo Outdoor USA, Inc. ("Gamo USA") on Predator's copyright infringement claim for damages and attorney's fees. Docket No. 381 at 1. Predator requests, in the alternative, an evidentiary hearing to present evidence of damages. Docket No. 381 at 9.

A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory

motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Fed. R. Civ. P. 54(b)).  The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments.").

Predator argues that the Court should reconsider its previous Orders granting Gamo USA partial summary judgment because (1) Predator submitted sufficient evidence to establish Gamo USA's gross revenue derived from the sale of polymer-tipped pellets during the period of alleged infringement, thereby showing actual damages under 17 U.S.C. § 504(b); (2) the Court misapplied the standard for summary judgment; and (3) Predator has a right to a jury trial on its damages claim.  Docket No. 381.

Predator states that, "[i]n this case, Predator established GAMO's 'gross revenue' which was limited solely to the sale of GAMO's polymer-tipped pellets during a portion of the infringement period while utilizing Predator's copyrighted work."  Docket No. 381 at 5.  However, as the Court explained in its March 18, 2013 Order, Predator's responses to the Court's Order to Show Cause did not provide any evidentiary support for the revenue figure asserted in Predator's motion:

Predator argues that it "established" both Gamo USA's gross revenue and

Predator's corresponding drop in sales.  Docket No. 358 at 25.  However, Predator established neither–it asserted the relevant amounts in its briefs but did not provide evidentiary support for these assertions.  Unsupported assertions are insufficient to meet the requirements of Rule 56.  *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130 (10th Cir. 2004) (a party's bare assertion, absent any record support, is insufficient to survive summary judgment).  The affidavit of Predator's President, Mr. Dixon, stating "I have read the Statement of Facts contained in Predator's Response to Court Order dated June 5, 2012 and such facts are true to the best of my knowledge and belief," Docket No. 310-4 at 2, ¶ 2, is no more than a "scintilla" of evidence, insufficient to survive summary judgment.  *See Liberty Lobby*, 477 U.S. at 252.  This affidavit states a conclusion without providing factual detail and does not set forth any basis establishing Mr. Dixon's personal knowledge of the facts alleged in Predator's response, including those facts, like Gamo USA's revenue and sales projections, to which Mr. Dixon had no apparent means of access.  *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1244 (10th Cir. 2010) ("To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

Docket No. 379 at 11 n.5.

Thus, regardless of whether the Court treats this claim as seeking direct or indirect profits, Predator's submissions were insufficient to survive summary judgment–that is, a reasonable jury could not find that Predator was damaged on the basis of the evidence Predator offered.

The right to a jury trial guaranteed by the Seventh Amendment does not bar the operation of Federal Rule of Civil Procedure 56, which authorizes courts to grant summary judgment where one party fails to demonstrate a genuine dispute of material fact.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 327 n.8 (2007) ("In numerous contexts, gatekeeping judicial determinations prevent submission of claims to a jury's judgment without violating the Seventh Amendment.") (citing *Pease v. Rathbun-Jones Eng'g Co.*, 243 U.S. 273, 278 (1917) ("It is contended that the district court had

no power under the Constitution to render a summary judgment against the sureties upon affirmance of the decree appealed from, and that resort should have been had to an action at law. . . . The constitutional right of trial by jury presents no obstacle to this method of proceeding."))

Predator seeks to reopen this matter so that it may submit additional evidence supporting its claim for damages.  Docket No. 381 at 9.  Predator does not state that this evidence was unavailable at the time it responded to the Court's Order to Show Cause or offer any other explanation for its failure to adequately support its claims when this matter was initially before the Court.  Predator demonstrates no basis for finding that the challenged Orders were in error or otherwise unjust.

Wherefore, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Certain Orders [Docket No. 381] filed by plaintiff Predator International, Inc. is DENIED.

DATED January 10, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge