IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

**ORDER**

This matter is before the Court on GAMO's Motion for Leave to File Summary Judgment on Predator's Third Claim (CCPA) [Docket No. 398] filed by defendant Gamo Outdoor USA, Inc. ("Gamo USA").

The dispositive motion deadline in this case was March 21, 2011. Docket No. 179. On that day, Gamo USA filed a motion for summary judgment on all of the claims brought by plaintiff Predator International, Inc. ("Predator"). Docket No. 182. With respect to Predator's claim for violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, Gamo USA argued:

> Predator asserts nothing more than its trade dress and copyright infringement claims as the bases for its CCPA claim. (Complaint, ¶ 55). As established above, Predator's alleged Trade Dress is unprotectable and its alleged Copyright is invalid. Predator has, thus, failed to assert any legally protectable interest. Gamo's use of a red tipped polymer pellet and its copying of generic product descriptions was not an unfair or deceptive practice where Gamo was free to engage in said conduct in furtherance of fair competition.

Docket No. 182 at 29. On March 26, 2012, the Court granted the motion for summary

judgment in part, finding in Gamo USA's favor on Predator's claims for trade dress infringement, unjust enrichment, and unfair competition and finding against Gamo USA on Predator's copyright infringement and CCPA claims.  Docket No. 289 at 19.  Specifically, the Court stated: "In seeking summary judgment on the CCPA claim, Gamo USA simply relies on its arguments supporting summary judgment on the trade dress and copyright claims.  Therefore, the Court will deny Gamo USA's request for summary judgment on the CCPA claim to the extent that claim relies on alleged copyright infringement."  Docket No. 289 at 17.  In its March 18, 2013 Order, the Court held that Predator's claim for copyright infringement survives "to the extent it seeks declaratory or injunctive relief" and that Predator's CCPA claim survives "to the extent it is based upon the alleged copyright infringement."  Docket No. 379 at 13.

On August 6, 2013, Gamo USA filed the instant motion, seeking leave to amend the scheduling order to permit the filing of an additional motion for summary judgment on Predator's CCPA claim.  Docket No. 398.  Gamo USA asserts that there is good cause for permitting this amendment because limiting Predator's CCPA claim to the alleged copyright infringement "precludes the applicability of the CCPA in this instance."  Docket No. 398 at 5.  Defendant further argues that "Predator does nothing more than assert its trade dress in a slightly different light as the basis for its CCPA claim" and that Predator cannot support a CCPA claim on the basis of its copyright infringement allegations.  Docket No. 398 at 5-6.  Predator argues that Gamo USA fails to demonstrate good cause for filing a motion for summary judgment at this time.  Docket No. 407.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may

be modified only for good cause and with the judge's consent." To establish "good cause," a party must generally show that "the scheduling order's deadline could not have been met with diligence." *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1254 (D. Colo. 2011). It is within a district court's discretion to permit successive motions for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Such motions are "particularly appropriate on an expanded factual record," *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010), or in the event of an intervening change in the law. *Smith v. McGarvie*, 321 F. App'x 665, 666 (9th Cir. 2009); *see also Robinson v. Denver Art Museum*, No. 11-cv-00315-REB-BNB, 2012 WL 934208, at *1 (D. Colo. Mar. 20, 2012).

Good cause for amendment does not exist where a party is aware of a particular argument or counter-argument, but fails to act timely to address it. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) ("The district court also found that Winco 'admitt[ed] awareness of the . . . affirmative defense at least as early as May 16, 2006,' [citation], but Winco still waited until January of 2007 to seek leave to plead the affirmative defense."); *Doe ex rel. Doe v. State of Hawaii Dept. of Educ.*, 351 F. Supp. 2d 998, 1007-08 (D. Hawai'i 2004) ("State Defendants' Motion for Judgment on the Pleadings and for Summary Judgment was originally filed on June 12, 2002—over one and a half years before Plaintiffs filed their counter-motion. Plaintiffs were fully aware of their arguments made in the counter-motion well before they agreed to the deadlines set forth in the Second Amended Scheduling Order. They did not even seek to amend the Second Scheduling Order and furthermore did not seek to amend the

Third Amended Scheduling Order. The Court thus finds that Plaintiffs did not conduct the due diligence required to show good cause.").

Gamo USA cites three recent CCPA cases from this district and argues that the "existence of new legal authority from this Court reinforces the appropriateness of this motion in timing and substance." Docket No. 412 at 10. Gamo USA admits, however, that "none of the above cases represent a change in existing law." Docket No. 398 at 10. Nor does Gamo USA argue that the factual landscape has changed since it filed its first motion for summary judgment. Instead, it argues that the Court changed "the nature and scope" of Predator's CCPA claim by limiting it to the alleged copyright infringement and that, despite Gamo USA's diligence, it was unable to address this altered claim within the time frame set forth by the scheduling order. Docket No. 412 at 1. It further argues that Predator's CCPA claim cannot survive because Predator fails to establish three of the necessary elements–a deceptive trade practice, a public impact, and an injury in fact. Docket No. 412 at 6-9.

Gamo USA does not, however, explain why it was unable to advance the above arguments in its initial motion for summary judgment, since none of these arguments turns on new factual discoveries or developments in the law. On the contrary, all of these arguments were available in March 2011. Indeed, Gamo USA recognized at the time that Predator was basing its CCPA claim in part on its copyright infringement allegations. *See* Docket No. 182 at 29. Instead of diligently pursuing its current line of attack, Gamo USA chose to "rel[y] on its arguments supporting summary judgment on the trade dress and copyright claims." Docket No. 289 at 17. Accordingly, the Court denied summary judgment on the CCPA claim insofar as it was premised on the

alleged copyright infringement.  *See id.*  In other words, Predator's CCPA claim, as it exists now, is merely a subset of its initial claim–the Court's March 26, 2012 ruling did not introduce any new issues that Gamo USA has been denied an opportunity to brief. Since the arguments Gamo USA advances in the instant motion were available prior to its first motion for summary judgment, Gamo USA has not established "good cause" for granting leave to file an additional motion for summary judgment on Predator's CCPA claim.  *See Sherman*, 532 F.3d at 717.  Permitting such a filing would amount to granting Gamo USA a disfavored "second bite at the apple."  *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1199 (10th Cir. 2006).  Wherefore, it is

**ORDERED** that GAMO's Motion for Leave to File Summary Judgment on Predator's Third Claim (CCPA) [Docket No. 398] filed by defendant Gamo Outdoor USA, Inc. is DENIED.

DATED January 10, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge