IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

**ORDER**

This matter is before the Court on Gamo's Motion to Withdraw its Jury Demand and to Strike Predator's Jury Demand [Docket No. 399] filed by defendant Gamo Outdoor USA, Inc. ("Gamo USA"). This case is currently set for a seven-day jury trial [Docket No. 403] on the two remaining claims of plaintiff Predator International, Inc. ("Predator"): a claim for copyright infringement to the extent Predator seeks declaratory or injunctive relief and a claim for violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, to the extent the claim is based upon the alleged copyright infringement. *See* Docket No. 379 at 13. Predator opposes the relief requested. Docket No. 408.

Gamo USA argues that Predator has no right to a jury trial in this case because it can recover only equitable relief. Docket No. 399 at 1. Specifically, Gamo USA argues that, because the Court found that Predator is not entitled to recover actual damages on its copyright claim and because Predator's CCPA claim is based on its copyright

claim, Predator is therefore not entitled to recover damages on its CCPA claim. Docket No. 399 at 6-7.

The Seventh Amendment guarantees the right to a jury trial in "[s]uits at common law" where the value in controversy exceeds twenty dollars. U.S. Const. amend. VII. This right is understood to encompass "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (internal citation omitted) (emphasis in original). "[S]tatutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." *Id*. at 352.

Accordingly, the Seventh Amendment guarantees the right to a jury trial in actions for statutory damages pursuant to the Copyright Act, 17 U.S.C. § 504. *Id*. at 355 ("the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself"). In other contexts, courts have also found that a party has the right to a jury trial in seeking statutory damages. *See Curtis v. Loether*, 415 U.S. 189, 195 (1974) ("A damages action under [Title VII of the Civil Rights Act] sounds basically in tort–the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach."); *Kremers v. The Coca-Cola Co.*, 714 F. Supp. 2d 912, 917-18 (S.D. Ill. 2009) (finding that an action for damages under the Illinois Consumer Fraud and Deceptive Business Practices Act was "in essence a claim for common-law fraud shorn by statute of the necessity of proving

either an intent to deceive . . . or reasonable reliance" and that claims seeking money damages have traditionally been tried in courts of law).

The CCPA affords relief upon a showing (1) that the defendant engaged in an unfair or deceptive trade practice; (2) in the course of the defendant's business, vocation, or occupation; (3) which significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).  Under the CCPA, a prevailing plaintiff can recover:

> (a) The greater of:
>
> (I) The amount of actual damages sustained; or
> (II) Five hundred dollars; or
> (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus
>
> (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

Colo. Rev. Stat. § 6-1-113(2).

Gamo USA is correct in stating that the Court's summary judgment ruling bars Predator from recovering actual damages on either its copyright or CCPA claim since both claims are based on the same underlying set of actions and events.  *See* Docket No. 289 at 17 ("the Court will deny Gamo USA's request for summary judgment on the CCPA claim to the extent that claim relies on alleged copyright infringement"); Docket No. 351 at 9; Docket No. 379 at 11 ("there is no basis for altering or amending the Court's judgment that Predator is not entitled to damages on its copyright claim").

However, if Predator prevails on its CCPA claim, it will be entitled to recover five hundred dollars in statutory damages, since this award is not pegged to a finding of actual monetary losses. The CCPA provides for recovery of statutory damages to recompense the invasion of a legally protected interest even where actual damages are minimal or nonexistent. *See, e.g.*, *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1241 (D. Colo. 2010) ("the CCPA contains no requirement of injury to 'business or property.' . . . Rather, the CCPA injury element derives from Colorado's basic standing requirements"); *US Fax Law Center, Inc. v. iHire, Inc.*, 374 F. Supp. 2d 924, 928-29 (D. Colo. 2005) (noting that plaintiff was seeking "statutory penalties only and no actual damages" under the CCPA). Moreover, the Court finds that the logic of *Curtis* applies to the CCPA insofar as the statute "defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." 415 U.S. at 195.

Since Predator is seeking legal relief–in the form of statutory damages–under the CCPA, its right to a jury trial is assured by the Seventh Amendment.[1]

---

[1] Predator does not have the right to a jury trial on its copyright claim since that claim is limited to a remedy of declaratory or injunctive relief. *Cf. Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340-41 (Fed. Cir. 2001) (no right to a jury trial where patent holder seeks only injunctive relief on claim for infringement). However, since Predator has a right to a jury trial on its CCPA claim and given the overlap between the CCPA and copyright claims, the Court will submit both claims to the jury and will be bound by the jury's factual determinations in deciding Predator's entitlement to equitable relief. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962) ("where both legal and equitable issues are presented in a single case, only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims"); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002) ("when legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then

Accordingly, it is

**ORDERED** that Gamo's Motion to Withdraw its Jury Demand and to Strike Predator's Jury Demand [Docket No. 399] filed by defendant Gamo Outdoor USA, Inc. ("Gamo USA") is GRANTED in part. It is granted with respect to Gamo USA's request to withdraw its jury demand. It is denied with respect to the request to strike the jury demand of plaintiff Predator International, Inc.

DATED January 10, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

bound by the jury's findings on them").