IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

Defendant.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 [Docket No. 266] filed by defendant Gamo Outdoor USA, Inc. and former defendant Industrias El Gamo S.A.[1] (collectively, "Gamo"). Gamo moves the Court to award sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 against plaintiff Predator International, Inc. ("Predator") and its counsel (1) for seeking to reassert its patent infringement claim [Docket No. 227] after voluntarily dismissing that claim [Docket Nos. 113, 142] and refiling it in state court and (2) for seeking to assert a patent ownership claim also being litigated in state court. Docket No. 266 at 2-3.

## I. BACKGROUND

The following facts are undisputed unless otherwise indicated. In its original complaint [Docket No. 1], its first amended complaint [Docket No. 4], its second

---

[1]Industrias El Gamo S.A. was dismissed from this case on March 26, 2012. Docket No. 289.

amended complaint [Docket No. 73], and its third amended complaint, filed on March 3, 2010, Predator asserted a claim for infringement of United States Patent No. 6,526,893 (the "'893 Patent"). Docket No. 117 at 8. Predator alleged that it was the lawful assignee of the '893 Patent. *Id*. at 3, ¶ 15. On March 4, 2010, Predator moved to dismiss its patent infringement claim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Docket No. 113 at 1. In moving to dismiss, Predator stated that, when the current owners acquired Predator in 2007, they believed that Lee T. Phillips, one of the co-inventors of the '893 Patent, had assigned his interest in the patent to Predator when he stepped down as Vice President in 2002, but that "Mr. Phillips now asserts that he still owns 50% of the '893 Patent." Docket No. 113 at 2. Predator further stated that:

> Predator vehemently disagrees that Mr. Phillips has any rights to the '893 Patent based on applicable Colorado law regarding fiduciary duty, constructive trust, and contract reformation, and that he is, in fact, obligated to provide Predator with a written assignment evidencing that ownership. Nonetheless, in recognition of the fact that standing is a threshold issue in every action, Predator recognizes that it must resolve this ownership dispute with Mr. Phillips, obtain a formal patent assignment from him, or re-file with Mr. Phillips as a co-plaintiff, to cure the potential defect in standing. Rather than bring Mr. Phillips into this case and plead ancillary state law claims regarding ownership, resulting in a time-consuming and complicated side-show over only one of multiple claims made in this case, Predator plans to proceed with litigation in Colorado state court against Mr. Phillips. Predator certainly hopes that this ownership dispute can be resolved swiftly so that it may re-file its patent infringement claim as soon as possible.

Docket No. 113 at 3. Gamo did not object to dismissal of the claim, but did request that dismissal be conditioned on an award of fees and costs expended in defending against the claim. Docket No. 149 at 7.

On May 14, 2010, while its March 4, 2010 motion to dismiss was still pending,

Predator moved to file a fourth amended complaint, excluding the patent infringement claim. Docket No. 142. It stated that "Predator seeks to voluntarily dismiss its patent infringement claims against both Defendants because it has discovered that it cannot prove that it had standing to pursue these claims without a written assignment from Mr. Lee Phillips, a co-inventor of the '893 Patent."[2] *Id*. at 2. Gamo did not oppose Predator's request to amend its complaint, but maintained that a grant of leave to amend should be conditioned on an award of fees and costs. Docket No. 149 at 7.

On September 9, 2010, the magistrate judge granted Predator's motion to file a fourth amended complaint. Docket No. 160. The magistrate judge denied Gamo's request for fees and costs on the basis that certain discovery expenses were avoidable and that the discovery related to the patent infringement claim would prove useful in litigating Gamo's counterclaims and the patent infringement claim should Predator re-file it at a future date. *Id*. at 14-16.

On April 7, 2010, Predator brought an action in the District Court for the County of Chaffee, Colorado against Mr. Phillips seeking, *inter alia*, a declaratory judgment regarding ownership of the '893 Patent. Docket No. 266 at 4; Docket No. 268 at 8, ¶ 9. In June 2010, Mr. Phillips assigned his interest in the '893 Patent to Gamo. Docket No. 268 at 8, ¶ 10(b); Docket No. 272 at 6. On July 15, 2010, Gamo recorded its assignment of Mr. Phillips' interest with the United States Patent and Trademark Office. Docket No. 272-2.

Gamo states that it informed Predator's counsel, Jeffrey Thennisch, of the

---

[2]The '893 Patent lists Thomas May and Mr. Phillips as the inventors. Docket No. 9-2 at 2.

assignment on July 14, 2010, and that the assignment was discussed in the course of settlement proceedings before the magistrate judge in early September 2010. Docket No. 272 at 6. Predator maintains that it did not learn of the assignment until September 27, 2010, Docket No. 268 at 9, ¶ 11, and that, had it known of the assignment earlier, it "likely would have dismissed the state court proceeding and the ownership claim would have been heard by this Court." Docket No. 268 at 27.

In November, 2010, Gamo filed a motion to intervene in the state court action, asserting six claims for relief against Predator. Docket No. 266 at 4; Docket No. 268 at 10, ¶ 13. The state court granted Gamo's request to intervene on January 1, 2011. *Id*. Mr. Phillips asserted eight counterclaims against Predator and multiple claims against his co-inventor, Thomas May, in a third-party complaint. Docket No. 268 at 10-11, ¶¶ 13-14. Predator moved to dismiss the counterclaims asserted by Gamo and by Mr. Phillips; on April 1, 2011, the state court denied Predator's motions to dismiss with respect to all claims, except Gamo's declaratory judgment claim. Docket No. 268 at 11, ¶ 15; *id*. at 22. On November 29, 2011, the state court granted a motion to disqualify Predator's attorney, John Cogswell, because it found he was a necessary witness in the case. Docket No. 266-2. On October 5, 2011, the state court denied Predator's motion to recuse Judge Barton. Docket No. 266-3. The order on the motion to recuse indicates that Predator was dissatisfied with a number of Judge Barton's previous rulings. *See, e.g.*, Docket No. 266-3 at 3, ¶ 5 ("Plaintiff states Judge Barton has become GAMO's de facto attorney because he did not dismiss GAMO's fraud claims and allegedly allowed amendment of the claims. . . . the claim of bias or bent of mind appears to be based upon a difference of opinion. This difference of opinion can be

raised on appeal but not as grounds to recuse the judge.”).

The deadline to amend the pleadings in this case was October 15, 2009. Docket No. 59 at 7. The discovery cut-off date was February 1, 2011. Docket No. 174. On July 11, 2011, Predator moved for leave to file a supplemental complaint. Docket No. 227. Specifically, Predator requested leave under Federal Rule of Civil Procedure 15(d) to assert a claim for a declaratory judgment of patent ownership against Gamo. *Id*. at 2. Predator argued that this claim arose after the case was filed because, “[a]t the time Predator removed its patent infringement claim from this case, Phillips, not GAMO, was the person who claimed co-ownership in the patent.” Docket No. 227 at 6. It further argued that litigating the declaratory judgment claim in this Court would “avoid the forum shopping undertaken by GAMO by its purchase of the Assignment and duplicative litigation will be avoided because this Court will likely act more quickly than the state court.” Docket No. 227 at 8. In addition, Predator moved for leave under Rule 15(a)(2) to reassert its patent infringement claim. *Id*. Predator argued that, because the statute of limitations was running on its patent infringement claim, the Court should grant leave to file the claim and then stay resolution of the claim pending a determination on patent ownership. *Id*. at 14. On July 28, 2011, Gamo sent a letter to Predator’s counsel requesting that Predator withdraw its motion for leave to supplement pursuant to Rule 11. Docket No. 266-1.

On September 19, 2011, the magistrate judge issued a recommendation (the “Recommendation”) finding that Predator’s motion for leave to supplement was untimely with respect to the declaratory judgment claim because the assignment to Gamo was executed in June 2010 and Predator did not provide any reason for its delay

in seeking to assert the claim in this Court. Docket No. 239 at 18. The magistrate judge likewise found that Predator's motion was untimely with respect to its patent infringement claim because Predator did not establish good cause for amending the scheduling order nearly two years after the deadline for amending the pleadings had passed. *Id*. at 22. The magistrate judge found no evidence of a "recent event or change in circumstances [that] has endowed Predator with standing to pursue its patent infringement claim, or at least a colorable claim that it now has standing." *Id*. at 23. The magistrate judge further found that Predator's primary argument, that "Gamo USA's 'acquisition of whatever interests Phillips has in the patent as of June 2010 justifies amendment under Fed.R.Civ.P. 15(a),'" did not establish "an adequate explanation for delay." *Id*. In addition, the magistrate judge explained that the running of the statute of limitations is not sufficient to establish good cause under Rule 16(b)(4) for modifying a scheduling order because, "if anything, the fact that the statute of limitations is running would only draw scrutiny toward a delay in moving for leave to amend." *Id*. at 24.

On September 21, 2011, two days after the magistrate judge issued her Recommendation, Gamo served its motion for Rule 11 sanctions on Predator. Docket No. 266 at 2; Docket No. 268 at 2. On September 30, 2011, Predator filed an objection to the Recommendation, to which Gamo responded and Predator replied. Docket Nos. 241, 247, and 252. Predator objected to the Recommendation insofar as it denied the request to assert its declaratory judgment claim, but not with respect to the patent infringement claim. Docket No. 241 at 11-14, 21 ("Predator still has a fair amount of time and can file this claim in this Court at any time as a separate action.").

On March 26, 2012, the Court accepted the Recommendation on the basis that Predator failed to provide a legitimate explanation for its delay in filing its declaratory judgment claim. Docket No. 290 at 2-3 ("Plaintiff informs the Court that the delay in asserting the patent ownership claim stems from an April 1, 2011 state court ruling on defendants' fraud claims. Dissatisfied with that ruling, plaintiff decided to seek relief in this Court . . . . In short, the long delay is a consequence of seeking an alternate and more favorable forum to resolve that dispute. That fact provides no grounds to grant plaintiff's motion to file its second supplemental claim.").

On December 22, 2011, Gamo filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Docket No. 266. Gamo seeks reasonable attorney's fees incurred in defending against Predator's July 2011 motion to supplement its complaint and in responding to Predator's objections to the Recommendation. *Id*. at 3.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 11

Gamo argues that Predator violated Rule 11 by seeking to assert the additional patent claims, even though there was no legal basis for doing so, in an effort to move the claims to a more favorable forum and for the purpose of harassing Gamo. Docket No. 266 at 6-9. Gamo further argues that Rule 11 sanctions are appropriate to deter future unwarranted filings by Predator. *Id*. at 9. In response, Predator argues that (1) Gamo does not allege any specific conduct violative of Rule 11; (2) Predator has the right "to file a separate proceeding against GAMO containing the patent ownership

claim and the patent infringement claim;" (3) litigating the patent claims in this case–as opposed to in state court or in a new federal case–would serve judicial efficiency; (4) Predator did not object to the recommended denial of its motion to reassert its patent infringement claim; and (5) "[i]f GAMO had told the truth to Predator and this Court in June 2010, Predator likely would have dismissed the state court proceeding and the ownership claim would have been heard by this Court." Docket No. 268 at 25-27.

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at 11(c)(1).

Forum shopping may constitute an improper purpose under Rule 11 where a party attempts to avail itself of a forum it perceives to be more favorable without any legal or factual basis for doing so, thereby "caus[ing] unnecessary delay, or needlessly increas[ing] the cost of litigation." *See Bolivar v. Pocklington*, 975 F.2d 28, 32 (1st Cir. 1992); *Fransen v. Terps Ltd. Liability Co.*, 153 F.R.D. 655, 660 (D. Colo. 1994); *Cusano*

*v. Klein*, 2007 WL 2825730, at *4 (C.D. Cal. Jan. 29, 2007). Rule 11 imposes an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" and the "applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551 (1991).

Predator maintains that it "still does not know what it has done wrong." Docket No. 268 at 25. Gamo's Rule 11 motion, however, is unambiguous: Gamo challenges Predator's decision to move for leave to supplement its complaint two years after the deadline for amending the scheduling order had passed and nearly a year after Predator learned that Mr. Phillips had assigned his interest in the '893 Patent to Gamo. *See* Docket No. 266 at 3. In addition, Gamo challenges Predator's attempt to reassert its patent infringement claim, which it had previously withdrawn after acknowledging "that it cannot prove that it had standing to pursue" the claim, without obtaining any additional evidence of standing. Docket No. 142 at 2; *see also* Docket No. 113 at 3; Docket No. 266 at 3.

In support of its decision to advance its patent ownership claim in this case, Predator relies on *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964), for the proposition that, "'where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.'" (quoting *Princess Lida v. Thompson*, 305 U.S. 456, 465-68 (1939)); *see also Lops v. Lops*, 140 F.3d 927, 965-66 (11th Cir. 1988) (Kravitch, J.,

dissenting) (noting circuit split on propriety of exercising jurisdiction over a case filed by a plaintiff currently litigating an identical case previously filed in state court).

Predator's argument misses the mark. While it may be true that the state court could not enjoin Predator from litigating its patent ownership claim concurrently in state and federal court, *see Donovan*, 377 U.S. at 412-13, Predator does not address the fact that it had no explanation for waiting ten months after learning of the assignment to Gamo before seeking leave to file its patent ownership claim in this case. Instead, Predator offers the following reasons for filing its motion to supplement:

> to accelerate final judgment on the standing issue, to mitigate GAMO's splitting of claims between this Court and state court, to provide a hedge against the error-ridden proceeding in state court which had the appearance of an interminable controversy replete with appeals, remands and retrials, and to permit this Court to determine standing which would have been the case if GAMO, pursuant to its duty of candor and Fed.R.Civ.P. 26, had disclosed to this Court and Predator in June 2010 that it had acquired Phillips' interests, if any, in the patent.

Docket No. 268 at 4. Moreover, in objecting to the Recommendation, Predator argued that, "[w]hile timeliness is an issue for discretion, Predator believes the delay between April 1, 2011 (when the state court denied Predator's motion to dismiss) and July 11, 2011 (when the motion under consideration was filed) was not unreasonable." Docket No. 241 at 12-13.

Predator's statements confirm the Court's previous finding that "the long delay is a consequence of seeking an alternate and more favorable forum" to resolve the patent dispute, an objective that "provides no grounds to grant plaintiff's motion to file its second supplemental claim." Docket No. 290 at 3. The "long delay" referred to by the Court is the delay between the assignment of Mr. Phillips' patent interest to Gamo,

which Predator states it learned of in late September 2010, and the filing of the motion for leave to supplement in July 2011–not, as Predator suggests, the time between the state court's ruling on Predator's motion to dismiss and the filing of the challenged motion. Predator's assertion that, had it known of the assignment earlier, it would have withdrawn its declaratory judgment claim from the state court and litigated it in this Court is difficult to square with its decision to continue litigating in state court for at least ten months before taking any action in response to the assignment. Indeed, the only viable explanation for the delay is that Predator's motion to supplement was prompted by the adverse rulings of the state court and not by the assignment to Gamo.

With respect to its patent infringement claim, Predator argues that:

> Predator has never conceded that it did not have standing. It has only conceded that, in light of GAMO's objection to Predator's full ownership of the patent, a hearing or trial on standing would be required and [Predator] believed it would be more sensible to deal with it in state court than in this Court . . . .

Docket No. 268 at 7, ¶ 8. In other words, Predator argues that it never conceded its lack of standing, only its lack of evidence of standing. *See also* Docket No. 113 at 3. For the purposes of its motion to supplement, this is a distinction without a difference. Predator voluntarily dismissed its patent infringement claim on the basis that it would be imprudent to litigate the claim without evidence of its standing to do so. *See id*. To reassert an identical claim without having obtained additional evidence of standing was therefore, by Predator's own assessment, imprudent. Predator argues that the "most salient fact" in its decision to reassert its patent infringement claim absent new evidence of standing was Gamo's "acquisition of whatever interest Phillips had in the patent in June 2010 and its failure to disclose that action to either this Court or Predator." Docket

No. 268 at 21. Even taking as true the allegation that Gamo did not contact Predator or its counsel directly to inform them of the assignment, and setting aside the undisputed fact that Gamo recorded its assignment with the Patent and Trademark Office, *see* Docket No. 272-2, this fact does not constitute new evidence of Predator's standing to assert its patent infringement claim.

In sum, Predator's attempt in July 2011 to supplement its complaint by (1) adding a claim for declaratory judgment of ownership of the '893 Patent and (2) reasserting its patent infringement claim was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed. R. Civ. P. 11(b)(2). Rather, it appears to have been an attempt, in light of adverse rulings in the state court, to litigate these claims in a more favorable forum, resulting in the expenditure of significant time and resources on the part of Gamo and the Court. This type of forum shopping constitutes an improper purpose under Rule 11 and thus Predator's conduct is subject to sanction. *See Bolivar*, 975 F.2d at 32; *Fransen*, 153 F.R.D. at 660.

**B. Sanctions**

Gamo seeks to recover $45,847.50 in attorney's fees. Docket No. 276-1 at 4, ¶ 18. This amount is intended to compensate Gamo for legal fees spent responding to Predator's motion for leave to supplement and responding to Predator's objections to the Recommendation. Docket No. 276-1 at 2, ¶ 7. Predator argues that this amount is unwarranted since it includes work unrelated to the challenged patent claims and reflects an inefficient use of time. Docket No. 285. Predator contends that, if the Court

awards sanctions, it should award no more than $8,985. *Id*. at 9.

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The sanction may include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*. If a court awards attorney's fees, "they must have been incurred as a direct result of the sanctionable conduct." *ADO Finance, AG v. McDonnell Douglas Corp.*, 938 F. Supp. 590, 595 (C.D. Cal. 1996). "The court must not impose a monetary sanction against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A).

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

***1. Reasonable Rate***

Gamo requests compensation at the rate of $320 per hour for the two partners representing it and $225 per hour for a senior associate attorney. Docket No. 276-1 at 1-2, ¶¶ 3-4.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).

Predator does not challenge the requested rates, *see* Docket No. 285, and the Court finds that they are in line with prevailing rates in this market. *See BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *6 (D. Colo. Aug. 12, 2013) (citing 2010 National Law Journal billing survey indicating that, "in 2010, Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates").

***2. Reasonable Hours***

Gamo requests fees for 159.75 hours of work performed by three attorneys. Docket No. 276-1 at 4, ¶¶ 15-17.

To determine the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), overruled on other grounds by *Penn. v. Del. Valley Citizens' Council for Clean Air*, 483

U.S. 711, 717 n.4 (1987). The party seeking fees must also demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005); *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. A trial court has discretion to reduce the hours billed based on block billing if the court is unable to determine whether the amount of time spent on various tasks was reasonable. *Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 617 (10th Cir. 2009) (unpublished).

Predator argues that sanctions should not be imposed to compensate Gamo for time spent responding to the non-patent claims that Predator sought to assert in its motion to supplement. Docket No. 285 at 5-6. Predator argues that much of the time that Gamo spent on its response was unnecessary or duplicative, such as where multiple attorneys billed for time spent on the same research or writing tasks. *See, e.g.*, Docket No. 285-1 at 8. In addition, Predator argues that Gamo cannot recover fees for revising its motion for Rule 11 sanctions, as such revisions are not provided for in the Rule. *See* Docket No. 285-1 at 9. Gamo did not file a reply contesting these points.

Predator is correct that Gamo can only recover sanctions for fees "incurred as a

direct result of the sanctionable conduct." *ADO Finance*, 938 F. Supp. at 595. Gamo did not request sanctions based on Predator's attempt to supplement its complaint with a claim under the Anti-Injunction Act and a claim for abuse of process; thus, fees incurred in relation to those proposed claims were not the result of sanctionable conduct and are not recoverable. *See id*. The Court will also reduce the hours recognized for blocks of time that are not linked to particular claims because it is not possible to determine whether this work was necessitated by the challenged conduct.

In addition, the Court will deny fees for the following amounts of time: (1) time spent on tasks that are not ordinarily billable to a client, namely, electronically filing documents, *see Ramos*, 713 F.2d at 554; (2) time spent researching or writing about 28 U.S.C. § 1927 since the Court is not awarding sanctions pursuant to that statute, *see* § III below and Docket No. 276-1 at 36; (3) time that is "block billed," which prevents the Court from determining whether the time spent was reasonable, *see, e.g.*, Docket No. 276-1 at 26 ("Prepare voluminous response to plaintiff's motion to file supplemental complaint; multiple telephone conferences with local counsel regarding motion to file supplemental complaint"); *see also Flying J*, 322 F. App'x at 617; and (4) time spent on tasks already completed by another attorney. *Compare, e.g.*, Docket No. 276-1 at 28 ("Completed review and analysis of Predator's Objections to Magistrate's Report and Recommendations") *with* Docket No. 276-1 at 29 ("Review, analyze, and evaluate plaintiff's objection to the Magistrate's recommendation"). *See Ramos*, 713 F.2d at 554. Reducing the hours requested accordingly yields a figure of reasonable fees in the amount of $20,851.28.

With respect to the fees for revising the Rule 11 motion, Predator overstates the requirements of the Rule. The "*purpose* of requiring service of a 'warning shot' motion more than 21 days before filing of a Rule 11 motion is to afford the opposing party 'the benefit of the twenty-one day "safe harbor" provision allowing [it] the opportunity to withdraw [its] allegedly frivolous pleading." *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007) (emphasis in original) (quoting *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003)). The motion served on Predator satisfied this purpose since "*the grounds* for sanctions asserted in the draft Rule 11 motion . . . are the same as the grounds asserted" in the motion ultimately filed with the Court. *See id*. (emphasis in original); *compare* Docket No. 266 *with* Docket No. 268-1. If anything, the motion that Gamo filed with the Court was narrower, concerning only two of the claims in the motion to supplement instead of all four. *See* Docket No. 268-1 at 4-5. Gamo did not act beyond the scope of Rule 11 in revising its motion before filing it with the Court and the Court will not deny fees expended to that end.

However, the Court is mindful that Rule 11 "provide[s] for sanctions, not simply fee shifting" and thus "adequate deterrence may permissibly fall short of full compensation." *Kiser v. Boeing Co.*, 163 F.R.D. 13, 15 (D. Kan. 1995). A court should consider, among other factors, "the degree to which malice or bad faith contributed to the violation." *Id*.; *see also Anschutz Petroleum Marketing Corp. v. E.W. Saybolt & Co., Inc.*, 112 F.R.D. 355, 357 (S.D.N.Y. 1986) ("the district court has the discretion to fashion a sanction for purposes of deterrence which awards part, but not all, of the

opposing party's attorney's fees").

There is no evidence that Predator acted with malice or bad faith in filing its motion to supplement or in objecting to the Recommendation. *See Kiser*, 163 F.R.D. at 15. Given that Predator does not object to a finding that Gamo reasonably spent over $8,000 in connection with its motion to supplement, the Court finds that $10,000 is the "least severe sanction[] adequate to serve the purpose" of deterrence in this case. *See id*.

Since this award is based on a violation of Fed. R. Civ. P. 11(b), it cannot be levied against Predator. Only Predator's counsel is subject to sanctions for violations of Rule 11(b). *See* Fed. R. Civ. P. 11(c)(5)(A). Predator states that "Predator's counsel Cogswell assumes all responsibility for any violation of Rule 11 or § 1927. He recommended the motion to co-counsel and Predator and received their approval. They did not participate in the preparation of the motion." Docket No. 268 at 3. Attorney John M. Cogswell signed the motion to supplement, Docket No. 227 at 15; the reply to Gamo's response to the motion to supplement, Docket No. 237 at 11; Predator's objection to the Recommendation, Docket No. 241 at 21; and Predator's reply to Gamo's response to the objection to the Recommendation. Docket No. 252 at 7. Thus, the Court awards sanctions of $10,000 in favor of Gamo against Mr. Cogswell.

## III. CONCLUSION

Since Gamo is awarded sanctions under Rule 11, its request for sanctions under 28 U.S.C. § 1927 is denied as moot. Wherefore, it is

**ORDERED** that Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

and 28 U.S.C. § 1927 [Docket No. 266] filed by defendant Gamo Outdoor USA, Inc. and former defendant Industrias El Gamo S.A. is GRANTED in part. Defendant Gamo Outdoor USA, Inc. and former defendant Industrias El Gamo S.A. are awarded $10,000.00 in sanctions pursuant to Federal Rule of Civil Procedure 11(b) against John M. Cogswell, attorney for plaintiff Predator International, Inc.

DATED January 17, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge