IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion In Limine No. 8 Re: Fed. R. Evid. 404 and 406 [Docket No. 478] filed by plaintiff Predator International, Inc. ("Predator") and Defendant's Motion *In Limine* #6 to Exclude Testimony and/or Evidence that the Phrase "Unsurpassed Performance" in and of Itself is a Registered Copyright [Docket No. 485].

## I.  ANALYSIS

### A.  Evidence of Other Lawsuits against Gamo (Docket No. 478)

    Predator has filed a motion in limine for the Court to take judicial notice of two trademark and trade dress infringement claims brought against Gamo by other entities. Docket No. 478 at 6.  In addition, Predator requests that it be allowed to "prove and argue that GAMO, as a matter of its business policy and practice, had no reluctance in risking infringement of the intellectual property rights of others and running the risk of litigation and that, in accordance with this policy and practice, it copied the Polymag

pellet and its website." *Id*. Gamo opposes this motion. Docket No. 508.

Under the Federal Rules of Evidence, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." Fed. R. Evid. 401.

Two claims are at issue in this case: a claim for copyright infringement and a claim for violation of the Colorado Consumer Protection Act ("CCPA"), *see* Colo. Rev. Stat. § 6-1-113. To prevail on a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (internal citation omitted). To prevail on a claim under the CCPA, a plaintiff must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
> (4) that the plaintiff suffered injury in fact to a legally protected interest; and
> (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). Under the CCPA, a prevailing plaintiff may recover "[t]hree times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct." Colo. Rev. Stat. § 6-1-113(2)(a)(III).

Predator argues that evidence of infringement lawsuits filed against Gamo by other entities are "relevant to the issues of bad faith which are central to recovering treble damages under the CCPA." Docket No. 478 at 4. Treble damages, however, are only available to a party that can show it is entitled to recover actual damages. *See*

2

Colo. Rev. Stat. § 6-1-113(2)(a)(III).  As the Court explained in its January 10, 2014 Order, "the Court's summary judgment ruling bars Predator from recovering actual damages on either its copyright or CCPA claim since both claims are based on the same underlying set of actions and events."[1]  Docket No. 434 at 3 (citing Docket No. 289 at 17; Docket No. 351 at 9; Docket No. 379 at 11).  Bad faith is not an element necessary to establish liability on Predator's copyright infringement or CCPA claims.  *See Jacobsen*, 287 F.3d at 942; *Rhino Linings USA, Inc.*, 62 P.3d at 146-47.  Thus, whether Gamo acted in bad faith is not a fact "of consequence in determining the action."  *See* Fed. R. Evid. 401.  Since relevance is a threshold requirement to admissibility, *see* Fed. R. Evid. 402, there is no basis for admitting evidence of the lawsuits that Predator cites in the instant motion.

**B.  Copyrightability of the Phrase "Unsurpassed Performance" (Docket No. 485)**

In the Final Pretrial Order, Predator states that, "to this day [Gamo] persists in using Predator's copyrighted 'unsurpassed performance' language on its packages."  Docket No. 410 at 9-10.  Gamo moves the Court to preclude Predator from "introducing evidence or putting on testimony which would infer or suggest that the phrase 'unsurpassed performance' has been registered as a copyright."  Docket No. 485 at 1.

---

[1] Predator's Trial Brief suggests that Predator is not familiar with this portion of the Court's January 10, 2014 Order.  *See* Docket No. 499 at 8 ("The August 26 Order of the Court is the only one dealing with Predator's CCPA claim other than the Court's denial of GAMO's motion for summary judgment which is discussed in Predator's Motion In Limine No. 2.  There is nothing in the Doc. 238 Order which denies Predator the right to seek actual damages on its CCPA claim.").  In order to provide for the accurate scheduling of the upcoming trial, Predator shall provide the Court with updated information at the February 3, 2014 trial preparation conference [Docket No. 403] regarding the amount of time it anticipates will be required for trial.

Gamo argues that Predator does not have a registered copyright in the phrase "unsurpassed performance" because it is used only once in the printout of Predator's website included in its Copyright Registration and because individual "words and short phrases" are not protected under the Copyright Act. Docket No. 485 at 3-4. Predator responds that (1) "short phrases can qualify for copyright protection"; (2) the jury should be permitted to decide whether the phrase "unsurpassed performance" is subject to copyright protection; and (3) Predator should be allowed to argue that Gamo's alleged copying of the phrase is evidence of its bad faith, which Predator contends is relevant to its claim under the CCPA. Docket No. 494 at 1-2.

The Tenth Circuit has not ruled on "whether the question of copyrightability is a pure question of law and thus one for the court, or a mixed question of law and fact and thus one involving potential jury questions in the presence of materially disputed facts." *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1262 n.4 (10th Cir. 2008) (citing *Gaiman v. McFarlane*, 360 F.3d 644, 648-49 (7th Cir. 2004) (noting dispute and declining to overturn its previous holding in *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir. 1996), that copyrightability is a purely legal question)).

Under the Copyright Act, "[w]ords and short phrases such as names, titles, and slogans" are not subject to copyright. 37 C.F.R. § 202.1(a); *see also Syrus v. Bennett*, 455 F. App'x 806, 810 (10th Cir. 2011) ("an ordinary phrase taken from a copyrighted work may be quoted without fear of infringement") (internal citation omitted); *Moody v. Morris*, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009) ("There is no question [] that the

trademarked phrase 'Where Words Come Alive' cannot support a claim for copyright infringement."); *Davis v. Walt Disney Co.*, 393 F. Supp. 2d 839, 847 (D. Minn. 2005) ("As a matter of law, the term 'Earth Protector' that appears in Plaintiffs' copyrighted drawing is not protectable by copyright."); *Fisher v. United Feature Syndicate, Inc.*, 37 F. Supp. 2d 1213, 1219 (D. Colo. 1999) (copyright protection for comic strip entitled "Chipper" did not extend to the use of the name "Chipper" on its own); *Arvelo v. Am. Int'l Ins. Co.*, 875 F. Supp. 95, 100 (D. Puerto Rico 1995) ("the words 'Retail Plus,' in and of themselves, separated from the rest of the advertising campaign, are not copyrightable material").

Predator does not offer any legal authority in support of its contention that short phrases are occasionally eligible for copyright protection. Instead, it cites two cases pertaining to contributory copyright infringement without explaining their relevance to Gamo's motion. *See* Docket No. 494 at 2 (citing Docket No. 454 at 18 (citing *Viesti Assocs., Inc. v. Pearson Education, Inc.*, No. 12-cv-02240-PAB-DW, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013); *Shell v. Henderson*, No. 09-cv-00309-MSK-KMT, 2013 WL 2394935, at *13 (D. Colo. May 31, 2013))). In addition, Predator does not argue that there are material disputed facts which would support a finding that the phrase "unsurpassed performance," standing alone, is entitled to copyright protection.

The Court concludes that this "short phrase," on its own, is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a). Accordingly, Predator may not introduce evidence that Gamo violated the Copyright Act through its use of the phrase "unsurpassed performance." Furthermore, it is not admissible as evidence of Gamo's

bad faith, since, as explained above, bad faith is not an element of either of Predator's claims.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion In Limine No. 8 Re: Fed. R. Evid. 404 and 406 [Docket No. 478] filed by plaintiff Predator International, Inc. is DENIED.  Predator may not introduce evidence at trial of the two lawsuits discussed in Docket No. 478.  It is further

**ORDERED** that Defendant's Motion *In Limine* #6 to Exclude Testimony and/or Evidence that the Phrase "Unsurpassed Performance" in and of Itself is a Registered Copyright [Docket No. 485] is GRANTED.  The phrase "unsurpassed performance" is not subject to copyright.  It is further

**ORDERED** that, pursuant to the Court's holding that Predator is not entitled to actual damages on its Colorado Consumer Protection Act claim, *see* Docket No. 434 at 3, Predator shall provide the Court with updated information at the February 3, 2014 trial preparation conference [Docket No. 403] regarding the amount of time it anticipates will be required for trial.

DATED January 29, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge