IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

> Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

> Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion *In Limine* #1 to Strike Predator's Colorado Consumer Protection Act Claim as Preempted by the Copyright Act Under 17 U.S.C. § 301 [Docket No. 464] filed by defendant Gamo Outdoor U.S.A., Inc. ("Gamo"); Defendant's Motion *In Limine* #2 to Bar Evidence and Testimony Regarding Any Non-Statutory Monetary Damages [Docket No. 465]; Defendant's Motion *In Limine* #3 to Bar Irrelevant Prejudicial and Speculative Testimony and Evidence [Docket No. 466]; Defendant's Motion *In Limine* #4 to Bar Evidence and Testimony Regarding the Court's October 22, 2009 Order Granting Preliminary Injunction Re Copyright Infringement [Docket No. 467]; and Defendant's Motion *In Limine* #5 to Bar Certain Irrelevant Evidence and Testimony Regarding the Red Tip and Pellet Design of the Red Fire® [Docket No. 468].

## I. ANALYSIS

Plaintiff Predator International, Inc. ("Predator") has two remaining claims set for

trial: a claim for copyright infringement and a claim for violation of the Colorado

Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-113.  To prevail on a claim

for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright and

(2) copying of constituent elements of the work that are original."  *Jacobsen v. Deseret*

*Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (internal citation omitted).  To prevail on a

claim under the CCPA, a plaintiff must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
> (4) that the plaintiff suffered injury in fact to a legally protected interest; and
> (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47

(Colo. 2003).  Under the CCPA, a prevailing plaintiff may recover "[t]hree times the

amount of actual damages sustained, if it is established by clear and convincing

evidence that such person engaged in bad faith conduct."  Colo. Rev. Stat. § 6-1-

113(2)(a)(III).

Under the Federal Rules of Evidence, only relevant evidence is admissible.  Fed.

R. Evid. 402.  Evidence is relevant if it "has any tendency to make a fact more or less

probable than it would be without the evidence" and the "fact is of consequence in

determining the action."  Fed. R. Evid. 401.  However, the Court may "exclude relevant

evidence if its probative value is substantially outweighed by a danger of one or more of

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "A

witness may testify to a matter only if evidence is introduced sufficient to support a

2

finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

### A.  Preemption of State Law Claim (Docket No. 464)

Gamo requests that the Court preclude Predator from pursuing its CCPA claim

on the basis that the claim is preempted by federal copyright law.  Docket No. 464 at 1;

*see* 17 U.S.C. § 301(a).  Predator responds that its CCPA claim is not preempted

because it reaches conduct beyond the violation of its copyright.  Docket No. 489 at 1

(citing *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1146 (10th Cir. 2009)).

"A motion *in limine* is a request for guidance by the court regarding an

evidentiary question, which the court may provide at its discretion to aid the parties in

formulating trial strategy."  *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal

citation omitted).  A motion in limine "gives a court the chance to rule in advance of trial

on the relevance of certain forecasted evidence, as to issues that are definitely set for

trial, without lengthy argument at, or interruption of, the trial."  *United States v. Cline*,

188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (internal citation omitted).  "Although the

Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has

developed pursuant to the district court's inherent authority to manage the course of

trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).

"Unlike a summary judgment motion, which is designed to eliminate a trial in cases

where there are no genuine issues of fact, a motion *in limine* is designed to narrow the

evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v.*

*Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Gamo's motion does not serve the purpose of a motion in limine, which is to

streamline the trial by providing a forum for resolving certain evidentiary issues outside

the presence of the jury and the heated atmosphere of the courtroom.  *See Cline*, 188

F. Supp. 2d at 1291.  A motion in limine is not a vehicle for testing the legal or factual

sufficiency of a claim, as Gamo now seeks to do.  *See Bradley*, 913 F.2d at 1069.

Gamo had the opportunity to raise these issues through a motion pursuant to Rule 12

or Rule 56, but failed to do so.  Accordingly, the Court declines to address this

argument in its present posture.  Gamo may raise this issue at trial on a motion under

Federal Rule of Civil Procedure 50.

### B.  Evidence of Actual Damages  (Docket No. 465)

Gamo requests that the Court preclude Predator from "introducing evidence or

putting on testimony regarding non-statutory monetary damages."  Docket No. 465 at 1.

Gamo's motion in limine is based on the Court's previous rulings that Predator is not

entitled to recover actual damages on either of its two claims.  *Id*. at 1-2; (citing Docket

Nos. 351, 379, 432, and 434).  Predator responds that "this Court is in error if it

interprets the prior orders of the Court as barring Predator from recovering 'actual

damages' on its CCPA claim because there was never a ruling to that effect and it

would be contrary to its Final Pretrial Order."  Docket No. 490 at 2.  Predator further

argues that its right of access to the courts, protected under the First Amendment, will

be impeded if it is not permitted to seek actual damages on its CCPA claim.  *Id*. at 4.

As the Court has already explained, Predator may not recover actual damages

on its CCPA claim.  *See* Docket No. 526 at 3 (citing Docket No. 434 at 3).  That claim

is, in Predator's words, "based upon conduct arising out of GAMO's copyright

4

infringement." Docket No. 490 at 3.  The Court granted summary judgment to Gamo on

July 5, 2012 on the basis that Predator failed to raise a genuine dispute of material fact

regarding the damages that resulted from Gamo's alleged copyright infringement.

Docket No. 351 at 3.  It would be illogical for the Court, having found Predator's

evidence of actual damages legally insufficient at the summary judgment phase, to

permit Predator to nonetheless seek those same damages at trial simply because they

fall under the heading of a different claim, even though that claim is undisputedly

premised on the same sequence of actions and events.  Furthermore, Predator's

reliance on the Final Pretrial Order is unavailing because it does not alter the Court's

substantive rulings.  Moreover, the Final Pretrial Order refers to actual damages under

the heading of "Plaintiff Predator International, Inc.'s Claims Including its Version of

Facts and Legal Theories."  Docket No. 410 at 2, 17.   Predator's inclusion of its

intention to seek actual damages in the Final Pretrial Order does not create an

entitlement to claim such damages.

Since Predator is not entitled to recover actual damages on either of its claims,

evidence of such damages is not relevant and is thus inadmissible at trial.  *See* Fed. R.

Evid. 401 and 402.

### C.  Exclusion of Evidence as Irrelevant and Prejudicial  (Docket No. 466)

Gamo requests that the Court exclude the following evidence as irrelevant or

unduly prejudicial:

1)   Irrelevant and prejudicial testimony regarding Gamo's separate and
unrelated litigation against Crosman and Heckler & Koch, Inc.;

2) Jay Cogswell's prejudicial inference via impermissible hearsay that Gamo
sold Red Fire® pellets to a Denver, Colorado Gander Mountain store on

September 30, 2009;

3)   Jennifer Apple's inflammatory, prejudicial, speculative and irrelevant testimony regarding Gamo's alleged copying of other competitors' marketing materials;

4)   irrelevant and prejudicial testimony regarding Gamo's preliminary, and ultimately abandoned, idea to name the Red Fire® pellets "Red Bull" pellets; and

5)   irrelevant testimony regarding Gamo's Glow Fire and/or Blue Flame products, or any other polymer tipped pellets.

Docket No. 466 at 1-2.  The Court will address each of these issues in turn.

### 1.  Gamo's litigation against Crosman and Heckler & Koch, Inc.

Gamo seeks to exclude evidence of "litigation brought against Gamo by third parties Heckler & Koch, Inc., and/or Crosman" on the grounds that neither of these cases is relevant to this trial.  Docket No. 466 at 3.  The Court has already addressed this issue and determined that such evidence is not relevant.  *See* Docket No. 526 at 3.

### 2.  Jay Cogswell's Testimony

Gamo alleges that Predator will seek to introduce the testimony of Jay Cogswell[1] that, "on September 30, 2009, he purchased Gamo Red Fire® pellets from Gander Mountain in Denver Colorado" and that a Gander Mountain employee told him that the store "had just received its first shipment of Red Fire® that day."  Docket No. 466 at 4. Gamo argues that the statement of the Gander Mountain employee should be excluded as hearsay because "Mr. Cogswell was unable to recall the employee's name at Gander Mountain," "there are no other witnesses to the discussion," and Mr. Cogswell

---

[1]Jay Cogswell is identified in the Final Pretrial Order as John Hurley Cogswell, Docket No. 410 at 28, ¶ (a)(1), not to be confused with Predator's counsel, John M. Cogswell.

has no firsthand knowledge of when the store received the shipment of pellets. *Id*.

Predator responds that the employee's statement is not hearsay because (1) there is no evidence that it was "intended . . . as an assertion"; (2) it is a present sense impression or an excited utterance; and (3) it has circumstantial reliability under Federal Rule of Evidence 807. Docket No. 491 at 2-3.

Hearsay is an out-of-court statement introduced to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A present sense impression is a statement "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). An excited utterance is a statement "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). Under the residual exception, a statement that would otherwise be excluded as hearsay is admissible if it has "equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807(a)(1).

The statement of the Gander Mountain employee meets the definition of hearsay since it was made out of court and would be introduced to prove the truth of the matter asserted–that is, the store that Jay Cogswell visited on September 30, 2009 received its first shipment of Red Fire® that day. *See* Fed. R. Evid. 801. The intention of the employee in making the statement is not relevant to its status as hearsay. Moreover, Predator does not provide any support for its assertion that the statement was a present sense impression or an excited utterance, which, by the nature of the statement, would be unusual. Finally, Predator does not offer any facts or arguments in support of its contention that there are attendant "equivalent circumstantial guarantees of trustworthiness" weighing in favor of admission.

7

In sum, the statement of the Gander Mountain employee constitutes hearsay and does not fall within an exception to the rule against hearsay.

### 3. *Jennifer Apple's Testimony*

Gamo seeks to preclude Predator from introducing the testimony of Jennifer Apple, who was employed as an art director for Gamo until 2008.  Docket No. 466 at 4-5.  Ms. Apple did not write product descriptions, but did incorporate them into the design of a product's packaging.  Gamo argues that Ms. Apple's testimony is irrelevant, prejudicial, and unsupported by her personal knowledge.  *Id*.  Predator responds that Ms. Apple's testimony comprises statements that would be admissible as admissions of a party-opponent, that Ms. Apple has personal knowledge to support her testimony, and that her testimony should be admitted under the residual exception to the hearsay rule.  Docket No. 491 at 3-4.

At her deposition, Ms. Apple testified, with respect to the packaging for the Red Fire pellet: "I know that if I had language on that packaging or any other packaging from Gamo, I was told to go to a specific place and find it.  Where the specific place was, what web site it was, I do not know.  Who specifically told me, I do not know."  Docket No. 466-1 at 10 (Apple dep., at 33, ll.5-9).  She also testified that she did not "remember any specifics, but I want to say it felt like I got [the packaging copy for the Red Fire pellet] from a web site," although she did not remember which website.  Docket No. 466-1 at 5 (Apple dep., at 13, ll.1-16).  Ms. Apple's testimony that she "feels" she got the language for the packaging from a website is nothing more than speculation.  As such, this testimony is not based on personal knowledge and is not

admissible.[2]

Ms. Apple testified that Gamo executives discussed copying the design of Predator's pellet.  This testimony is not relevant to the product packaging at issue in this case.  Ms. Apple also testified that her supervisors frequently instructed her to copy the look, feel, and packaging copy used by competitors when designing the packaging for Gamo's other products.  *See, e.g.*, Docket No. 466-1 at 6 (Apple dep., at 18, l.16 to 19, l.10).  Evidence that Gamo copied the look, feel, and packaging of other products, even assuming that such copying constituted copyright violations, is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  *See* Fed. R. Evid. 404(b)(1).  In other words, Ms. Apple's testimony that, as a Gamo employee, she was told to evaluate competitors' packaging in designing Gamo's packaging does not tend to show that Gamo infringed the particular copyright at issue in this case.  Predator does not suggest any other relevance of such testimony.  Thus, Ms. Apple's testimony regarding being told to copy the look, feel, and packaging of competitors' products and going to stores to do so is not admissible at trial.

### 4.  Intent to Use the Name "Red Bull"

Gamo requests that the Court exclude evidence that Gamo initially planned to name the Red Fire pellet the "Red Bull" pellet.  Docket No. 466 at 5-6.  Gamo argues that this evidence is irrelevant because Gamo never marketed pellets under the Red

---

[2]Gamo argues that Ms. Apple's testimony is overly prejudicial because she was asked to leave the company in 2008.  Docket No. 466 at 5.  It is not clear why her status as a former employee would, in and of itself, render her testimony inadmissible.  Rather, it would go to interest and bias.

Bull name and because there is no evidence that, if it had, it would have infringed the trademark of the energy drink by that name. *Id.* Gamo also argues that this evidence is overly prejudicial under Rule 403. *Id.*

Predator responds that the "Red Bull evidence is one more piece of evidence supporting the plan Predator intends to prove." Docket No. 491 at 4. Predator also states that "GAMO never has offered an explanation as to why the Red Bull artwork found it way to the internet . . . was, in fact, posted by GAMO on the internet." *Id.*

The fact that Gamo considered, as one point, naming a pellet "Red Bull" does not tend to support or undermine the conclusion that Gamo infringed Predator's copyright marketing copy. Predator's bid to introduce this evidence appears to be an attempt to suggest that Gamo is liable in this instance because it has considered copying other aspects of other products in the past. The introduction of this evidence would violate Federal Rule of Evidence 404(b), as explained above with respect to Ms. Apple's testimony.

### 5. *Other Polymer-Tipped Pellets*

Gamo seeks to preclude evidence regarding its sales of other polymer-tipped pellets, such as the Glow Fire and the Blue Flame. Docket No. 466 at 6. Gamo argues that this evidence is irrelevant since there is no claim that the sale of these products infringed Predator's copyright. *Id.* Predator responds that evidence of Gamo's sales of non-infringing products is relevant to its claim for damages under the CCPA. Docket No. 491 at 4. However, as previously explained, Predator cannot seek actual damages under the CCPA. *See* Docket No. 526 at 3. Accordingly, this evidence is not relevant.

*See* Fed. R. Evid. 401.

### D.  Evidence of the Court's October 22, 2009 Order  (Docket No. 467)

Gamo requests that the Court preclude Predator from suggesting that the Stipulated Preliminary Injunction [Docket No. 32], which was entered as an Order of the Court on October 22, 2009 [Docket No. 76], is evidence that Gamo is liable for the alleged copyright infringement at issue in this case.  Docket No. 467 at 3.  Gamo argues that this inference is inappropriate because Gamo never stipulated to liability, nor has the Court found Gamo liable for copyright infringement.  *Id*.  Gamo further argues that the admission of this evidence should be excluded as a "statement made during compromise negotiations about the claim."  *See* Fed. R. Evid. 408(a)(2).  Predator concedes that the October 22, 2009 Order "makes no findings that GAMO infringed or that GAMO admitted infringement," but contends that the Order is "relevant to GAMO's bad faith which is an issue in its CCPA claim."  Docket No. 492 at 1.

However, as the Court has explained, Predator is not entitled to seek actual damages on its CCPA claim.  Docket No. 526 at 3.  Since bad faith is not an element necessary to establish liability on Predator's copyright infringement or CCPA claims, evidence of Gamo's alleged bad faith is not relevant.  *See Jacobsen*, 287 F.3d at 942; *Rhino Linings USA, Inc.*, 62 P.3d at 146-47.  Accordingly, the October 22, 2009 Order is not admissible to prove copyright infringement or bad faith on Gamo's part.  Both sides are cautioned against referring to any order of the Court in front of the jury unless they receive advance court approval.

### E.  Evidence of Pellet Design  (Docket No. 468)

Gamo requests that the Court preclude Predator from introducing evidence that Gamo is not permitted to use a red tip on its pellets, that the use of a red tip causes confusion in the marketplace, and that Gamo's pellet design infringes a patent belonging to Predator.  Docket No. 468.  Gamo argues that this evidence is not relevant and is overly prejudicial to Gamo.  *Id.*

Predator does not contest the fact that it has no claim based on trade dress or patent infringement.  Docket No. 493 at 3-4.  However, it contends that evidence that Gamo intentionally copied Predator's pellet design is "relevant to prove GAMO's bad faith and lack of credibility as well as to set forth the background of its misconduct."  Docket No. 493 at 2.  In addition, it argues that confusion in the marketplace is an element of its CCPA claim.  *Id.* at 3.

A practice of "widespread advertisement and deception of actual and prospective purchasers" may support a claim under the CCPA.  *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).  However, use of an infringing mark or advertising copy "does not alone translate into false or deceptive advertising.  Otherwise, any trademark dispute in which the defendant advertises using the disputed mark is eligible for redress under the CCPA," which would represent a "sweeping extension" of the CCPA not supported by existing law.  *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 872 F. Supp. 2d 1154, 1190 (D. Colo. 2012).

Gamo's alleged bad faith and the "background of its misconduct" are not relevant to Predator's claims.  *See* Docket No. 526 at 3.  Furthermore, the Court has held, and

Predator agrees, that Gamo's use of the red polymer tip is not legally improper.  *See* Docket No. 289 at 12; Docket No. 493 at 3-4.  Although marketplace confusion may be relevant to Predator's CCPA claim, *see Hall*, 969 P.2d at 235, Predator cannot parlay the undisputedly lawful similarity between the pellets into a deceptive trade practice on the basis of Gamo's packaging copy.  *See HealthONE of Denver*, 872 F. Supp. 2d at 1190.

In sum, evidence of the pellets' design similarities, including evidence that Gamo copied Predator's pellet design, is inadmissible because it is not relevant to either of Predator's claims.

### F.  Individual Exhibits

Gamo requests that the Court preclude the admission of a number of Predator's proposed trial exhibits.  *See* Docket No. 465 at 9-14; Docket No. 468 at 5-7.  The Court will rule on the admissibility of these individual exhibits in a subsequent order.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion *In Limine* #1 to Strike Predator's Colorado Consumer Protection Act Claim as Preempted by the Copyright Act Under 17 U.S.C. § 301 [Docket No. 464] is DENIED.  It is further

**ORDERED** that Defendant's Motion *In Limine* #2 to Bar Evidence and Testimony Regarding Any Non-Statutory Monetary Damages [Docket No. 465] is GRANTED in part.  The Court reserves judgment on the admissibility of the individual exhibits listed in the motion.  The motion is granted in all other respects.  It is further

13

**ORDERED** that Defendant's Motion *In Limine* #3 to Bar Irrelevant Prejudicial and Speculative Testimony and Evidence [Docket No. 466] is GRANTED.  It is further

**ORDERED** that Defendant's Motion *In Limine* #4 to Bar Evidence and Testimony Regarding the Court's October 22, 2009 Order Granting Preliminary Injunction Re Copyright Infringement [Docket No. 467] is GRANTED.  It is further

**ORDERED** that Defendant's Motion *In Limine* #5 to Bar Certain Irrelevant Evidence and Testimony Regarding the Red Tip and Pellet Design of the Red Fire® [Docket No. 468] is GRANTED in part.  The Court reserves judgment on the admissibility of the individual exhibits listed in the motion.  It is granted in all other respects.

DATED January 31, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge