IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Joint Motion to Vacate Sanctions Order and Withdraw Motion for Sanctions [Docket No. 578] filed by plaintiff Predator International, Inc. and defendant Gamo Outdoor USA, Inc.  The parties request that the Court (1) permit defendant to withdraw the motion for sanctions [Docket No. 266] that it filed (with former defendant Industrias el Gamo, S.A.) on December 22, 2011 and (2) vacate the January 17, 2014 Order [Docket No. 439] granting the motion for sanctions.

    In support of the relief requested, the parties state that, "on May 27, 2014, they held a mediation . . . and at that time this case was settled.  Pursuant to that settlement, the parties agreed to withdraw any Rule 11 motions and request that the Court withdraw any orders issued concerning Rule 11 motions." Docket No. 578 at 1.  The parties further state that it is "in the best interests of the parties and this Court based on the joint concurrence of the parties and the efficient administration of justice that the Court

grant this motion to vacate its Order." *Id.* The order in question imposed sanctions against plaintiff's counsel.

The Court appreciates the parties' willingness to enter into settlement negotiations, as well as the fact that these negotiations have been successful. However, the parties make an unusual request as part of the settlement, namely, to vacate a properly issued order without any indication that the underlying factual or legal bases for the order were incorrect. The parties do not explain why this request is necessary or appropriate.

There is a public interest against concealing or obscuring the nature of court proceedings. *See M.M. v. Zavaras*, 939 F. Supp. 799, 801-02 (D. Colo. 1996) (discussing the disfavor with which anonymity and the sealing of court documents are viewed because of their tendency to conceal from public view the true nature of a proceeding); *see also City of Aurora, Colo. v. PS Systems, Inc.*, No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010); *Advanced Elevator ex rel. McTarsney v. United States*, No. 09-cv-00211-JLK, 2009 WL 530375, at *1 (D. Colo. March 2, 2009) ("Motions to seal, or otherwise to obstruct or conceal the public nature of court proceedings are held in disfavor."). Similarly, absent unusual circumstances, vacating orders is inconsistent with the policy that favors the public nature of court proceedings.

Plaintiff filed this case in a public forum. The motion for sanctions was fully briefed through unrestricted filings. Had the parties wished to resolve the dispute at issue in a private forum, such as through binding arbitration proceeding, they were at liberty to do so.

Wherefore, it is

**ORDERED** that the Joint Motion to Vacate Sanctions Order and Withdraw Motion for Sanctions [Docket No. 578] is DENIED.

DATED June 16, 2014.

BY THE COURT:

   /s Philip Brimmer
PHILIP A. BRIMMER
United States District Judge