IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

_____

**ORDER**
_____

    The matter before the Court is the Joint Motion for Dismissal [Docket No. 582]. The parties request that the Court "reconsider its Order dated June 16, 2014 (Doc. 579) and approve the form of order submitted herewith as agreed to by the parties and Justice Neighbors."  The form of order attached to the motion states, among other things, that the Court "vacates its Order dated June 16, 2014."

    On June 10, 2014, the parties filed a Joint Motion to Vacate Sanctions Order and Withdraw Motion for Sanctions [Docket No. 578], wherein they asked the Court to vacate the Court's January 17, 2014 Order imposing sanctions against plaintiff's counsel.  As grounds for the motion, the parties claimed, without further explanation, that doing so would be in the "best interests of the parties and this Court" and promote "the efficient administration of justice."  Docket No. 578 at 1.  In denying the motion, the Court noted that the parties failed to explain why the request to vacate the January 17, 2014 Order was necessary or appropriate.  Docket No. 579 at 2.  The Court also

mentioned several policy reasons that weighed against vacating a prior order of the Court. Rather than address those reasons, the motion for dismissal states that vacating the January 17, 2014 Order was "a material consideration in the settlement" and also that the settlement agreement is confidential. Docket No. 582 at 1.

The Joint Motion for Dismissal contradicts both of these rationales. The motion states that their Confidential Settlement Agreement contains the following provision: "All parties shall withdraw any Rule 11 motions in either case and the parties shall request the Court to withdraw any orders issued concerning the Rule 11 motions." *Id.* Thus, the settlement agreement is not conditioned on the Court vacating the January 17, 2014 Order, but rather on the parties <u>requesting</u> that the Court withdraw any Rule 11 orders. Given that the parties have requested that the Court vacate or withdraw such orders, this condition of the settlement agreement appears to have been fulfilled. As such, the Court's vacating the January 17 Order was not a "material consideration" of the parties' agreement and provides no basis for the Court to accede to the parties' request to vacate the January 17, 2014 Order. Second, while it is unclear why the confidential nature of the settlement agreement argues in favor of vacating the Court's January 17, 2014 Order, the public disclosure of the settlement term at issue through the motion means it is no longer confidential.

The Court is therefore left in the same place it was on consideration of the Joint Motion to Vacate Sanctions Order and Withdraw Motion for Sanctions [Docket No. 578]. While the Court appreciates the efforts of the parties to settle their dispute and particularly appreciates the efforts of Justice Neighbors, it sees no proper or persuasive

reason to vacate the January 17, 2014 Order.  Because the parties appear to condition their motion for dismissal on the Court vacating its order, it is

ORDERED that the Joint Motion for Dismissal [Docket No. 582] is denied.


DATED June 25, 2014.

                                   BY THE COURT:

                                   s/Philip A. Brimmer
                                   PHILIP A. BRIMMER
                                   United States District Judge