IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

_____

**ORDER**
_____

This matter comes before me on Claimant John M. Cogswell's Motion to Recuse the Honorable Philip A. Brimmer [Docket No. 588], wherein Mr. Cogswell, an attorney for plaintiff Predator International, Inc. ("Predator"), seeks my recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a).

## I. BACKGROUND

Predator filed this case on April 28, 2009, asserting claims for patent infringement, trade dress infringement, slogan infringement, copyright infringement, unjust enrichment, unfair competition, and violation of the Colorado Consumer Protection Act, *see* Colo. Rev. Stat. § 6-1-101 *et seq*. Docket No. 1. Mr. Cogswell was one of four attorneys representing Predator.

In the spring of 2010, Predator voluntarily moved to dismiss its patent infringement claims, stating that it could not "prove that it had standing to pursue these claims without a written assignment" from the patent's co-inventor. Docket Nos. 113

and 142 at 2. Predator subsequently commenced a state court action to determine ownership of the patent at issue. *See* Docket No. 266 at 4; Docket No. 268 at 8, ¶ 9. On July 11, 2011, over a year and a half after the deadline to amend the pleadings in this case had passed, *see* Docket No. 59 at 7, Predator moved for leave to file a supplemental complaint. Docket No. 227. Specifically, Predator sought leave to assert a claim for declaratory judgment of patent ownership and to reassert its claim for patent infringement. *Id*. On July 28, 2011, Gamo sent a letter to Predator's counsel expressing Gamo's belief that the motion to amend violated Federal Rule of Civil Procedure 11 and requesting that Predator withdraw its motion. Docket No. 266-1. Predator declined to do so. On March 26, 2012, the Court accepted the magistrate judge's recommendation denying Predator leave to amend for failure to provide a valid explanation for its delay in making this request. Docket No. 290.

On December 22, 2011, Gamo filed a motion for sanctions. Docket No. 266. On January 17, 2014, the Court granted this motion in part. Docket No. 439. The Court found that

> Predator's attempt in July 2011 to supplement its complaint by (1) adding a claim for declaratory judgment of ownership of the '893 Patent and (2) reasserting its patent infringement claim was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." See Fed. R. Civ. P. 11(b)(2). Rather, it appears to have been an attempt, in light of adverse rulings in the state court, to litigate these claims in a more favorable forum, resulting in the expenditure of significant time and resources on the part of Gamo and the Court. This type of forum shopping constitutes an improper purpose under Rule 11 and thus Predator's conduct is subject to sanction.

Docket No. 439 at 12 (citing *Bolivar v. Pocklington*, 975 F.2d 28, 32 (1st Cir. 1992) and *Fransen v. Terps Ltd. Liability Co.*, 153 F.R.D. 655, 660 (D. Colo. 1994)). Accordingly,

the Court awarded $10,000 in sanctions against Mr. Cogswell pursuant to Rule 11(b). *Id*. at 18-19.

On February 3, 2014, the Court held a trial preparation conference. Docket No. 544. The trial was set for February 18, 2014. Docket No. 403. At the trial preparation conference, Mr. Cogswell indicated that his wife was ill and requested that the Court vacate the trial. Docket No. 544. The Court granted Mr. Cogswell's request. *Id*. The trial was reset for August 19, 2014. Docket No. 548.

On June 10, 2014, the parties filed a joint motion to withdraw Gamo's motion for sanctions and vacate the sanctions order. Docket No. 578. The parties stated that, pursuant to their May 27, 2014 settlement agreement, "the parties agreed to withdraw any Rule 11 motions and request that the Court withdraw any orders issued concerning Rule 11 motions." *Id*. at 1. The motion stated that it was "in the best interests of the parties and this Court based on the joint concurrence of the parties and the efficient administration of justice that the Court grant this motion to vacate its Order dated January 17, 2014." *Id*.

On June 16, 2014, the Court denied the parties' motion to vacate the sanctions order. Docket No. 579. The Court held that the parties' motion had not set forth any basis for vacating a properly issued order. *Id*. at 2. The Court further held that granting the parties' request would contravene the interest in maintaining the public nature of court proceedings. *Id*.

On June 25, 2014, the parties renewed their request to vacate the sanctions order. Docket No. 582. They stated that vacating the sanctions order was a "part of

the confidential settlement agreement." *Id*. at 1-2. They further stated that "they had no intent that any of the papers relating to the sanctions order be sealed and, as such, all filings related thereto from the beginning to the end of the case would continue to be available for public view." *Id*. at 2.

The Court denied the parties' motion. Docket No. 584. The Court found that the settlement agreement was not conditioned on the Court vacating the sanctions order, but rather on the parties' agreement to request such relief from the Court, a provision with which both parties complied. *Id*. at 2. The Court, finding "no proper or persuasive reason" to vacate the sanctions order, once again declined to do so. *Id*. at 2-3.

On July 3, 2014, the parties jointly moved to dismiss the case. Docket No. 585. The same day, the Court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a). Docket No. 586. On July 29, 2014, Mr. Cogswell filed the instant motion to recuse. Docket No. 588.

## II. ANALYSIS

### A. Duty to Confer

The Local Rules provide that, "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.COLO.LCivR 7.1(a). Local Rule 7.1(a) further requires the moving party to "describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." *Id*. The rule exempts parties from conferring on motions filed in a case involving a pro se prisoner, motions filed pursuant to Federal Rules of Civil

Procedure 12 and 56, and motions filed pursuant to D.C.COLO.LAttyR 5(b). *Id.* at 7.1(b). There is no exemption in Local Rule 7.1(a) for motions for recusal.

The second sentence of Mr. Cogswell's motion states that "[n]o certification is necessary since there are no other parties who have any interest in the outcome of this motion except claimant Cogswell and the Court." Docket No. 588 at 1. It is unclear what "certification" Mr. Cogswell refers to, whether the certification referred to in Local Rule 7.1(a) or the certification of counsel referred to in 28 U.S.C. § 144.[1] In any event, Mr. Cogswell did not file a certification of conferral pursuant to Local Rule 7.1(a). His violation of Local Rule 7.1(a) constitutes an independent basis to deny Mr. Cogswell's motion.

### B. 28 U.S.C. § 144

Section 144 of Title 28 of the United States Code provides that, when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The procedural requirements of this provision are strictly construed. *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).

I find that Mr. Cogswell's motion is procedurally defective under § 144. First, the motion for recusal is filed, not by a "party" as required by the statute, but by one of plaintiff's attorneys. As stated in *Cintron v. Union Pacific Railroad Co.,* 813 F.2d 917, 921 (9th Cir.1987), "[p]ersonal bias, to require recusal or remand to a different judge,

---

[1] An affidavit filed pursuant to 28 U.S.C. § 144 "shall be accompanied by a certificate of counsel or record stating that it is made in good faith."

must be against the party, not against the attorney for the party." *See United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985); *see also Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) ("an affidavit of bias and prejudice must be . . . made by a party"). Although Mr. Cogswell claims that my alleged bias against him prejudiced his client, his motion is based on alleged bias against him. *See* Docket No. 588 at 1 ("Claimant Cogswell's motion to recuse is based upon the fact that Judge Brimmer has a personal bias or prejudice against him which has generated adverse action against Predator. . . ."); *see also id.* at 3 ("All of the bias of the Court was directed at Cogswell. . . ."). Moreover, the relief Mr. Cogswell seeks is personal. *See* Docket No. 588-1 at 4 ("All I want is an order withdrawing the motion for sanctions and vacating the sanction order and this case will be completely over."). Such allegations of bias against an attorney, filed by an attorney, are procedurally deficient.

Second, the motion is procedurally deficient because the affidavit in support of the motion was made by Mr. Cogswell as opposed to a party to the case. An affidavit completed by a party's attorney as opposed to by the party is insufficient. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (affidavit filed pursuant to § 144 must be "made by a party"); *Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658-59 (5th Cir. 1985) ("A court may not grant relief under § 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice."); *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 54, 59 (D.D.C. 2010) (courts have "overwhelmingly held that the plain language of § 144 requires the affidavit to be executed by a party to the

litigation; affidavits submitted and signed by the party's attorney are therefore legally insufficient") (listing cases).

Third, and related to the second deficiency, Mr. Cogswell failed to file a certificate of counsel of record that the affidavit was made in good faith. Such certificates are required by the statute. 28 U.S.C. § 144 (The affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."). Because Mr. Cogswell's motion does not comply with the procedural requirements of § 144, the motion must be denied.

In addition, the affidavit attached to the motion is legally insufficient. An affidavit is legally sufficient if (1) the facts therein are stated with particularity; (2) the facts, if true, "would convince a reasonable man that bias exists"; and (3) the affidavit shows that the bias is "personal, as opposed to judicial, in nature." *Winslow v. Lehr*, 641 F. Supp. 1237, 1240 (D. Colo. 1986). Although, in assessing the legal sufficiency of an affidavit of bias, the court "may not consider the truth of the facts alleged, . . . conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939. A judge is not recusable for bias by virtue of having "form[ed] judgments of the actors in those court-house dramas called trials"; indeed, if he did not form such judgments, "he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)). "[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice." *Winslow*, 641 F. Supp. at 1241.

Mr. Cogswell's affidavit contains just one example of alleged bias that is not a court order–an interaction that occurred at the February 3, 2014 trial preparation

conference in this case. Mr. Cogswell admits that this was the only time he has ever appeared in front of me. Docket No. 588-1 at 22. Mr. Cogswell claims that, during the hearing, he attempted to discuss the issue of the Court's prior ruling on Predator's damages and was "met with unusual abruptness and followed by a hostile threat to prejudice Predator at trial. . . ." Docket No. 588 at 2. He claims that he did not interrupt me during that colloquy and that my tone of voice was "not pleasant" and "contained the throws [sic] of anger." Docket No. 588-1 at 24. Although a court may not consider the truth of the facts alleged, "opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939. I find that Mr. Cogswell's opinions regarding his interaction with me do not form a proper basis for recusal.

The transcript that Mr. Cogswell attaches to his affidavit contains the facts of the interaction. *See* Docket No. 588-1 at 33-34. The hearing was a trial preparation conference and, by its nature, was focused on ensuring that the parties and the Court were prepared for the trial. Regarding the length of the trial, I asked Predator whether it had made a new estimation of the length of its case in chief. *Id.* at 33 ll. 6-7. Mr. Cogswell stated that he had not and then stated that he "hoped [ ] that I might argue a little more with you about damages." *Id.* at 33 ll.8-10. I denied that request, at which time Mr. Cogswell replied, "All across the board?" *Id.* at 33 ll. 11-12. In the course of answering that inquiry, Mr. Cogswell interrupted me to mention a motion for reconsideration that Predator had filed. *Id.* at 33 ll. 13-16. After I again signaled that I was not going to address damages issues, Mr. Cogswell continued to pursue the reconsideration motion. *Id.* at 33 ll. 17-19. At that time, I pointed out to Mr. Cogswell

that it was not proper to interrupt me, that we needed to focus on the upcoming trial, and that, were he to interrupt me during the trial, "at some point" I would admonish him in front of the jury. *Id.* at 33 ll. 20-25 to 34 ll. 1-2. I then allowed Mr. Cogswell to finish making his point and agreed with him that I would defer ruling on his motion for reconsideration until after Predator filed a reply brief. *Id.* at 34 ll. 3-8.

Nothing in the transcript of this interaction demonstrates bias that is "personal, as opposed to judicial, in nature." *See Winslow*, 641 F. Supp. at 1240. Any time an attorney interrupts the Court a rebuke is likely. This is particularly true when the attorney is attempting to change the topic of conversation and persists in doing so despite the Court indicating that it will not entertain that topic. There is no evidence of a threat. Instead, I warned Mr. Cogswell that if he interrupted me during the trial "at some point" I would admonish him in front of the jury. The simple way to avoid admonishment would be not to interrupt me during trial. The interaction between me and Mr. Cogswell would not convince a reasonable person that bias existed. Moreover, Mr. Cogswell fails to mention that, during the course of the hearing, I granted Predator's request to continue the trial due to surgery that Mr. Cogswell's wife was having and concluded the hearing by telling him that I hoped that the surgery went well. A reasonable person who either attended the hearing or reviewed the transcript would not perceive that bias against Mr. Cogswell existed.

Finally, Mr. Cogswell claims that my bias was later evident in my refusal to vacate the sanctions order [Docket No. 439] as a condition of the approval of the parties' settlement. Docket No. 588-1 at 24. However, not only did the parties fail to identify why it was in the interest of justice to vacate a properly entered order as a

9

condition of a settlement agreement, but I have never vacated an order as a condition of settlement.  *See City of Aurora, Colo. v. PS Systems, Inc.*, Case No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010).  Mr. Cogswell fails to show personal, as opposed to judicial, bias in not vacating the sanctions order.

I will not discuss the other suggestions of bias in Mr. Cogswell's affidavit because all of them relate solely to rulings on motions.  As Mr. Cogswell acknowledges, "a judge cannot be recused based on his rulings."  Docket No. 588 at 2.

Thus, for the reasons stated above, Mr. Cogswell's motion for recusal under 28 U.S.C. § 144 is denied.

### C.  28 U.S.C. § 455

Mr. Cogswell also seeks my recusal under 28 U.S.C. § 455.  He states that "a reasonable person knowing all the relevant facts as reported in the affidavit and particularly Judge Brimmer's hostility on February 3, 2014, on top of prior efforts against the interests of Predator, would harbor doubts about Judge Brimmer's impartiality."  Docket No. 588 at 5.

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The judge's "actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  The standard is an objective one, looking only to "outward manifestations and reasonable inferences drawn therefrom."  *Id*.  A judge is not recusable solely on the basis of prior adverse rulings against a party.  *Id*. at 994.  In deciding a motion under § 455, the judge need not take all factual allegations

as true and need not limit himself to the facts presented by the moving party. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id*. The statute does not afford litigants a "veto power over sitting judges," nor is it a "vehicle for obtaining a judge of [one's] choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).

When an objective standard is applied to the allegations of bias contained in Mr. Cogswell's motion and affidavit, I can find no outward manifestation of bias and no reasonable inference of bias against either Mr. Cogswell or Predator. For the reasons noted above, the interaction between me and Mr. Cogswell at the February 3, 2014 trial preparation conference is not the dramatic event that Mr. Cogswell suggests, but rather a routine admonishment not to interrupt the judge. Because the purpose of the hearing was trial preparation, I also warned him that repeated interruptions of the Court at trial could lead to admonishment in front of the jury. An objective observer would discern no personal bias from admonitions about interrupting the judge. My refusal to vacate the sanctions order would also not appear biased to an objective observer, especially given that I had refused other parties' requests to vacate orders in the past and the parties to this case never offered an appropriate rationale for me to vacate an otherwise properly entered order simply because the parties had reached a settlement. Thus, I find that 28 U.S.C. § 455 does not provide a proper basis for me to recuse.

### III. CONCLUSION

Wherefore, it is

**ORDERED** that Claimant John M. Cogswell's Motion to Recuse the Honorable Philip A. Brimmer [Docket No. 588] is DENIED.

DATED August 14, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge