IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00970-PAB-KMT

PREDATOR INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

GAMO OUTDOOR USA, INC., a Florida corporation,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Claimant John M. Cogswell's Motion Under Fed. R. Civ. P. 59 [Docket No. 587]. Mr. Cogswell is not a party to the case. Rather, he is counsel for plaintiff Predator International, Inc. ("Predator"). Mr. Cogswell moves the Court to reconsider three orders: (1) the January 17, 2014 Order awarding $10,000 in sanctions against Mr. Cogswell pursuant to Federal Rule of Civil Procedure 11, Docket No. 439; (2) the June 16, 2014 Order denying the parties' joint motion to vacate the sanctions order, Docket No. 579; and (3) the June 25, 2014 Order denying the parties' joint motion to reconsider the denial of their motion to vacate the sanctions order. Docket No. 584. The relevant factual background is set forth elsewhere, *see* Docket No. 589, and will not be recited here.

**II. STANDARD OF REVIEW**

    A motion to reconsider a court's judgment filed within twenty-eight days of the entry of judgment is treated as a motion to alter or amend judgment pursuant to Federal

Rule of Civil Procedure 59. Fed. R. Civ. P. 59(e). Relief under Rule 59 is warranted where a party can show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). New evidence can support a Rule 59 motion where the evidence is (1) newly discovered or (2) counsel made a diligent but unsuccessful attempt to discover the evidence before the court issued the challenged ruling. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." Black's Law Dictionary 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, afford a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id.*

### III. ANALYSIS

As a threshold matter, the Court notes that a party's counsel has standing to appeal orders "directly affecting them," such as orders awarding sanctions under Rule 11. *Weeks v. Independent School Dist. No. I-89 of Okla. County, OK*, 230 F.3d 1201, 1213 (10th Cir. 2000); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir. 1991) ("Plaintiff's attorney, rather than plaintiff, was the party aggrieved by the district court's imposition of sanctions and, therefore, was the proper party to appeal from this decision."); Charles Alan Wright et al., 5A Fed. Prac. & Proc. Civ. § 1337.4 (3d ed.)

("The person sanctioned under Rule 11 is the real party in interest on the appeal and should be the person named in the notice of appeal."). An "attorney may challenge [a] sanction order as part of an appeal from the final judgment, even if the parties settle or decline to appeal." *Howard v. Mail-Well Envelope Co.*, 90 F.3d 433, 436 (10th Cir. 1996) (holding that there is no right to interlocutory appeal of order awarding sanctions against an attorney).

Furthermore, the Court finds the motion is timely, having been filed twenty-six days after the case was dismissed. Docket Nos. 586 and 587.

### A. Sanctions Order

Mr. Cogswell does not cite the standard for obtaining relief under Rule 59, but appears to argue that the Court committed clear error[1] in awarding sanctions because, when Predator moved to supplement its complaint in July 2011, Mr. Cogswell was unaware that defendant Gamo Outdoor USA, Inc. ("Gamo") had filed a counterclaim on September 23, 2010 seeking a declaratory judgment that "Predator lacks standing to maintain a claim for patent infringement of [Patent No. 6,526,893 (the" '893 Patent")], and [that] GAMO's RED FIRE® pellets have not and do not infringe the '893 Patent." Docket No. 587 at 3; Docket No. 164 at 24, ¶ 28. Mr. Cogswell asserts that Predator would not have filed the July 2011 motion to supplement had Mr. Cogswell known about Gamo's counterclaim. *Id*. He further asserts that Gamo "had a duty to tell the truth in its Rule 11 motion but failed" to do so because Gamo knew that, "if it disclosed the

---

[1]Mr. Cogswell does not contend that there has been an intervening change in controlling law or that new and previously unavailable evidence has been uncovered. *See generally* Docket No. 597; *Servants of the Paraclete*, 204 F.3d at 1012.

3

existence of the federal counterclaim, Cogswell would have caused Predator to withdraw his motion to supplement claims and pursue GAMO's counterclaim in federal court." *Id*. a 4.

Mr. Cogswell does not address the bases upon which the Court awarded sanctions, namely, that Predator (1) moved to supplement its complaint after the deadline to do so had passed without having good cause to amend the scheduling order and (2) did so for no other purpose than obtaining a forum Predator perceived as more favorable to its claims.[2]  *See* Docket No. 439 at 12.  Instead, Mr. Cogswell focuses his Rule 59 motion on Gamo's July 2011 counterclaim.  Mr. Cogswell's arguments regarding the counterclaim are unavailing for several reasons.

Gamo did not, as Mr. Cogswell asserts, fail to "disclose[] the existence" of its counterclaim.  *See* Docket No. 587 at 4.  Gamo asserted the counterclaim in its answer to Predator's fourth amended complaint.  *See* Docket No. 164.  Gamo served this answer on Predator's counsel, including Mr. Cogswell, and filed it publicly with the

---

[2] In his motion to reconsider the sanctions order, Mr. Cogswell states that he sought leave to supplement Predator's complaint in this case in order to bring his patent claims before a different judge: "the Court is right that Cogswell filed [Predator's] motion to supplement because [Predator] wanted a better forum.  He filed it when he realized the state court judge was prejudiced or incompetent and that [Cogswell] would file a motion to recuse.  The Court misses the mark in finding that it was improper for Predator to file the motion to supplement 'in light of adverse rulings in state court'.  The fact is that Predator was not complaining about adverse rulings but that these rulings required him as a professional to file a motion to recuse.  The Court should be obligated to accept as evidence in its determining a Rule 11 motion that Predator would not receive a fair trial and that this was cause enough to make Predator's motion proper.  If this is not the law, it should be."  Docket No. 534 at 7.  This conduct is, by definition, judge shopping.  *See* Black's Law Dictionary 1962 (9th ed. 2009) (defining "judge shopping" as the "practice of filing several lawsuits asserting the same claims . . . with the hope of having one of the lawsuits assigned to a favorable judge and of nonsuiting or voluntarily dismissing the others").

Court.  *See id*. at 29.  Mr. Cogswell acknowledges having received the answer.  Docket No. 286 at 2, 12-13.  He was not aware of the counterclaim because he admittedly did not read the entire pleading.  *See* Docket No. 286 at 2 ("Through neglect, Predator never knew this because its attorneys did not read the counterclaims."); *see also id.* at 3 ("Until March 4, 2012, Predator's Colorado counsel did not read GAMO's counterclaims (D. 164) nor the portion of the Pretrial Order noting that no reply had been filed.").  Mr. Cogswell's decision not to read that filing in full was not the result of misconduct on Gamo's part.  There is no legal basis for Mr. Cogswell's assertion that Gamo had a duty to set forth in its Rule 11 motion the fact that it had previously filed a counterclaim, when Gamo had already served that counterclaim on Mr. Cogswell.

Moreover, the existence of Gamo's counterclaim does not bear on the Court's finding that Mr. Cogswell, on behalf of Predator, moved for leave to supplement its complaint without grounds to do so and then refused to withdraw its motion, necessitating a significant expenditure of time and money on the part of both Gamo and the Court.  *See* Docket No. 439 at 12.  Gamo's counterclaim does not render Predator's motion for leave to supplement timely, nor does it constitute new evidence of Predator's standing to maintain a claim for infringement of the '893 Patent.  Mr. Cogswell's contention that he would have made different litigation choices had he been aware of Gamo's counterclaim at an earlier date is of no import.  The fact remains that Mr. Cogswell, on behalf of Predator, moved to supplement Predator's complaint without a reasonable basis for doing so.

Finally, Mr. Cogswell asserts that the existence of Gamo's counterclaim had jurisdictional consequences for the parallel state court action.  Docket No. 587 at 4;

Docket No. 534 at 13, ¶ 7. Since the counterclaim was filed in September 2010, this argument was available to Mr. Cogswell when he moved to supplement Predator's complaint and when he responded to Gamo's motion for sanctions. He did not raise this argument in those instances. *See* Docket Nos. 227 and 268. Accordingly, this argument is not a proper basis for granting a motion for reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012.

In sum, Mr. Cogswell has not met the standard for amending the sanctions order pursuant to Rule 59.

### B. Orders Denying Motion to Vacate Sanctions Order

Mr. Cogswell argues that the Court erred in declining to vacate the sanctions order upon the parties' request that it do so pursuant to their settlement agreement. Docket No. 587 at 5-9. Mr. Cogswell contends that vacating the order would not "conceal or obscure anything" and that "[a]ll of the motions and orders in this case would continue to be available to the public." *Id*. at 6. He further contends that "the public policy in favor of settlements is likely superior to the public policy mentioned by the Court." *Id*.

Courts recognize that a "policy of permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Oklahoma Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993). An "opinion is a public act of the government, which may not be expunged by private agreement." *Id*. (quoting *Matter of Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988)). The reasoning of a court's opinion

"may be helpful to other courts to the extent that it is persuasive." *Id*. (quoting *Clark Equipment Co. v. Lift Parts Mfg. Co., Inc.*, 972 F.2d 817, 820 (7th Cir. 1992)). *See also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.") (citation and quotation marks omitted); *Memorial Hosp.*, 862 F.2d at 1302 ("A party who thumbs his nose at the orderly processes of the court cannot expect to escape notice; and having attracted notice the litigant may not escape his desert by dismissing the case or walking away.").

The policy in favor of settlement did not vest in the parties to this case the authority to decide which judicial orders they wish to remain good law. The court's resolution of the parties' dispute over sanctions, memorialized in an order, has potential value to the public that the parties may not simply appropriate in the course of their negotiations. *See Memorial Hosp.*, 862 F.2d at 1302-03. Since the public has no voice in the parties' private transactions, it falls to the Court to have "at heart the interests of other litigants in future cases, and hold them equal in weight with the interests of today's." *Id*. at 1303. Although future litigants would still be able to read the Court's sanctions order even if it were vacated, vacatur would "cloud[] and diminish the significance" of the Court's holding. *Id*. at 1302.

## IV. CONCLUSION

The Court finds that a hearing is not necessary to resolve the matters addressed

herein. Wherefore, it is

**ORDERED** that Claimant John M. Cogswell's Motion Under Fed. R. Civ. P. 59 [Docket No. 587] is DENIED.

DATED August 14, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge